Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Camille Hamilton Pating (SBN: 122890)
cpating@meyersnave.com
Margaret W. Rosequist (SBN: 203790)
mrosequist@meyersnave.com
Yujin Chun (SBN: 306298)
ychun@meyersnave.com
MEYERS NAVE
1999 Harrison Street, 9th Floor
Oakland, California 94612
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
SAN FRANCISCO UNIFIED SCHOOL
DISTRICT; COMMISSIONER JENNY
LAM; COMMISSIONER FAAUUGA
MOLIGA; COMMISSIONER MATT
ALEXANDER; COMMISSIONER KEVINE
BOGGESS; and COMMISSIONER MARK
SANCHEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALISON COLLINS, | Case No. 3:21-cv-02272-CRB |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| v. | |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, CITY AND COUNTY OF SAN FRANCISCO; SCHOOL BOARD COMMISSIONERS JENNY LAM, IN HER INDIVIDUAL CAPACITY; FAAUUGA MOLIGA IN HIS INDIVIDUAL CAPACITY; MATT ALEXANDER IN HIS INDIVIDUAL CAPACITY; KEVIN BOGGESS IN HIS INDIVIDUAL CAPACITY; AND MARK SANCHEZ IN HIS INDIVIDUAL CAPACITY AND DOES 1-50, INCLUSIVE, | Date:      July 9, 2021<br>Time:     10:00 a.m.<br>Dept.:     6<br><br>The Hon. Charles R. Breyer<br><br>Complaint Filed:   March 31, 2021<br>Trial Date:        None Set |
| Defendants. | |

# NOTICE OF MOTION

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 9, 2021, at 10:00 a.m., in Courtroom 6 at 450 North Golden Gate Avenue, San Francisco, California, Defendants San Francisco Unified School District; Commissioner Jenny Lam; Commissioner Faauuga Moliga; Commissioner Matt Alexander; Commissioner Kevine Boggess; and Commissioner Mark Sanchez ("the Defendants") will move to dismiss the Complaint of Plaintiff Alison Collins ("Plaintiff" or "Collins") without leave to amend under Rule 12(b)(1) (lack of jurisdiction) and Rule 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, all pleadings in this action, any request for judicial notice, and any other documents that are now on file or that may be on file in this action at the time of the hearing; and such further oral or written argument as may be presented at the time of the hearing or otherwise considered by the Court.

DATED:  May 17, 2021                    MEYERS NAVE

By:     /s/ Deborah J. Fox
        DEBORAH J. FOX
        Attorneys for Defendants
        SAN FRANCISCO UNIFIED SCHOOL
        DISTRICT; COMMISSIONER JENNY LAM;
        COMMISSIONER FAAUUGA MOLIGA;
        COMMISSIONER MATT ALEXANDER;
        COMMISSIONER KEVINE BOGGESS; and
        COMMISSIONER MARK SANCHEZ

# <u>TABLE OF CONTENTS</u>

**Page**

I.  SUMMARY OF ARGUMENT ................................................................... 1

II.  STATEMENT OF FACTS .................................................................... 3

III.  LEGAL STANDARD ......................................................................... 3

IV.  PLAINTIFF'S ENTIRE COMPLAINT AGAINST THE DISTRICT IS
BARRED BASED ON ELEVENTH AMENDMENT IMMUNITY. ...................... 4

V.  PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL
BOARDMEMBERS ARE ALSO BARRED. ............................................... 5

   A.  Barred By Eleventh Amendment Immunity .................................... 5

   B.  Barred By Qualified Immunity ................................................... 6

VI.  THE COMPLAINT FAILS TO STATE ANY COGNIZABLE FEDERAL
CAUSE OF ACTION. ......................................................................... 6

   A.  First Amendment Retaliation (First Cause Of Action). .................... 7

   B.  Due Process Claims (Second and Third Causes of Action). ............... 9

      1.  No Liberty Interest (Second Cause of Action). ....................... 9

      2.  No Property Interest (Third Cause of Action). ...................... 11

VII.  THE COMPLAINT ALSO LACKS ANY VIABLE CAUSE OF ACTION
UNDER STATE LAW. ...................................................................... 12

   A.  Intentional Infliction of Emotional Distress (Fourth Cause Of Action). ...... 12

   B.  Negligence (Fifth Cause Of Action). .......................................... 13

   C.  Skelly Claim (Sixth Cause Of Action). ...................................... 14

   D.  Retaliation (Seventh Cause Of Action). ..................................... 14

VIII.  THE CLAIM FOR PUNITIVE DAMAGES IS FATALLY FLAWED. ............... 14

IX.  CONCLUSION ............................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Abagninin v. AMVAC Chem. Corp.,*
5
    545 F.3d 733 (9th Cir. 2008)..........................................................................................4

6

*Ashcroft v. Iqbal,*
7
    556 U.S. 662 (2009) .....................................................................................................4

8

*Bd. of Regents of State Coll. v. Roth,*
    408 U.S. 564 (1972) .................................................................................................9, 11
9

*Belanger v. Madera Unified Sch. Dist.,*
10
    963 F.2d 248 (9th Cir. 1992).....................................................................................2, 5

11

*Belinda K. v. Cnty. of Alameda,*
12
    2011 WL 2690356 (N.D. Cal. 2011) .......................................................................3, 12

13

*Bell Atlantic Corp. v. Twombly,*
14
    550 U.S. 544 (2007) .....................................................................................................4

15

*Blair v. Bethel School Dist.,*
    608 F.3d 540 (9th Cir. 2010)..............................................................................*passim*
16

*Bond v. Floyd,*
17
    385 U.S. 116 (1966) .....................................................................................................8

18

*Carmen v. San Francisco Unified Sch. Dist.,*
19
    982 F. Supp. 1396 (N.D. Cal. 1997) aff'd, 237 F.3d 1026 (9th Cir. 2001)........2, 4, 5, 6

20

*Cerrato v. San Francisco Cmty. Coll. Dist.,*
21
    26 F.3d 968 (9th Cir. 1994).........................................................................................4

22

*Chinn v. City of Spokane,*
    429 Fed.Appx. 673 (9th Cir. 2011).............................................................................1
23

*Cleveland Bd. of Educ. v. Loudermill,*
24
    470 U.S. 532 (1985) ...................................................................................................11

25

*Cmty. House, Inc. v. City of Boise, Idaho,*
26
    623 F.3d 945 (9th Cir. 2010).....................................................................................2, 6

27

*Doe v. Regents of the Univ. of California,*
    891 F.3d 1147 (9th Cir. 2018).....................................................................................4
28

*Edelman v. Jordan*,
    415 U.S. 651 (1974) ...................................................................................... 5

*Exxon Shipping Co. v. Baker*,
    554 U.S. 471 (2008) .................................................................................... 14

*In re Gilead Scis. Secs. Litigation*,
    536 F.3d 1049 (9th Cir. 2008) ...................................................................... 4

*Gunderson v. Hvass*,
    339 F.3d 639 (8th Cir.2003) ....................................................................... 10

*Guzman v. Shewry*,
    552 F.3d 941 (9th Cir. 2009) ...................................................................... 11

*Hensley v. City of Port Hueneme*,
    2019 WL 3035057 (C.D. Cal. 2019) ................................................... 2, 7, 8

*Hunter v. Bryant*,
    502 U.S. 224 (1991) (per curiam) ................................................................ 6

*Ingraham v. Wright*,
    430 U.S. 651 (1977) .................................................................................. 2, 9

*Jackson v. Carey*,
    353 F.3d 750 (9th Cir. 2003) ..................................................................... 2, 9

*Krainski v. Nevada ex rel. Bd. of Regents*,
    616 F.3d 963 (9th Cir. 2010) ................................................................... 2, 10

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ....................................................................... 4

*Ngo v. Reno Hilton Resort Corp.*,
    140 F.3d 1299 (9th Cir. 1998), opinion amended ...................................... 14

*Paul v. Davis*,
    424 U.S. 693 (1976) .................................................................................. 10

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984) ........................................................................ 2, 4, 5, 6

*Phelan v. Laramie Cnty.v. Cmty, Coll. Bd. of Trs.*,
    235 F.3d 1243 (10th Cir. 2000) ................................................................ 2, 7

*Quern v. Jordan*,
    440 U.S. 332 (1979) .................................................................................... 4

*S. Pac. Transp. Co. v. City of Los Angeles*,
   922 F.2d 498 (9th Cir. 1990)......................................................................................4

*Sagana v. Tonorio*,
   384 F.3d 731 (9th Cir. 2004)....................................................................................11

*Sato v. Orange Cnty. Dep't of Educ.*,
   861 F.3d 923 (9th Cir. 2017)..................................................................................2, 5

*Wedges/Ledges v. City of Phoenix*,
   24 F.3d 56 (9th Cir. 1994)........................................................................................11

*Westfall v. City of Crescent City*,
   2011 WL 2110306 (N.D. Cal. May 26, 2011) *(Westfall I)* .............................10, 12, 13

*Westfall v. City of Crescent City*,
   2011 WL 4024663 (N.D. Cal. Sept. 9, 2011) *(Westfall II)*...............................2, 10, 11

*Zilich v. Longo*,
   34 F.3d 359 (6th Cir. 1994)................................................................................2, 7, 8

*Zinermon v. Burch*,
   494 U.S. 113 (1990) .................................................................................................11

**State Cases**

*Cayley v. Nunn*,
   190 Cal. App. 3d 300 (1987).....................................................................................13

*Hughes v. Pair*,
   46 Cal.4th 1035 (2009) .............................................................................................12

*Kirchmann v. Lake Elsinore Unified Sch. Dist.*,
   83 Cal. App. 4th 1098 (2000) .....................................................................................5

*Potter v. Firestone Tire & Rubber Co.*,
   6 Cal.4th 965 (1993) .................................................................................................12

*Scott v. McDonnell Douglas Corp.*,
   37 Cal. App. 3d 277 (1974)........................................................................................13

*Skelly v. State Pers. Bd.*,
   15 Cal.3d 194 (1975).......................................................................................11, 12, 14

**Federal Statutes**

28 U.S.C. § 1367(c) ................................................................................................ 3, 12

42 U.S.C. § 1983 ....................................................................................................... 4

**State Statutes**

Civil Code § 47 ...................................................................................................... 12, 13

Gov't Code § 910 .................................................................................................... 3, 12

Gov't Code § 3540.1(j) ............................................................................................ *passim*

Gov't Code § 54960.1(b) ............................................................................................ 11

Labor Code § 1102.5 ................................................................................................. 14

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ................................................................ 3

## I.     SUMMARY OF ARGUMENT

Sitting Boardmember Collins has filed this federal complaint as a result of the political fallout she faced from the re-publication by a third party of her personal tweets from 2016 which was prior to her holding her elected Board seat.  Boardmember Collins took her seat in the fall of 2016, she remains in her elected office on the Board of Education of the San Francisco Unified School District and she can attend, participate in, and take action on each and every School Board item that arises.  She retains full and complete powers to carry out her duly elected School Boardmember functions.  Plaintiff was removed from her internal leadership roles as vice chair and from sitting on various committees pursuant to a School Board resolution adopted on March 25, 2021.  That Board action and the surrounding political dynamics at play here simply do not, as a matter of law, suffice to state any viable cause of action and the Complaint should be dismissed in full, without leave to amend.

Boardmember Collins' lawsuit is based on her loss of the titular role of vice president and committee assignments which the Ninth Circuit has referred to as a "minor indignity" and a "de minimis" act that does not suffice to state a claim over which the courts have jurisdiction.  *See Blair v. Bethel School Dist.*, 608 F.3d 540, 544 (9th Cir. 2010).  While Collins may lament the loss of her internal leadership roles, she has no right to those roles and the courts do not shield public figures from the give-and-take of the political process.  *See id*.  Instead, the Ninth Circuit has explained that "[e]xperience and political reality convince us" that the constitution "does not succor casualties of the regular functioning of the political process."  *Chinn v. City of Spokane*, 429 Fed.Appx. 673, 675 (9th Cir. 2011) citing *Blair*, 608 F.3d at 545.  Thus, while the "discordant speech" of elected officials is protected by the First Amendment, they are not immunized from the political fallout of what they say.  *See Blair*, 608 F.3d at 544-45.  In short, the doors of the federal courts are not open to settle political disagreements amongst elected officials and Boardmember Collins' alleged harm from the political consequences of any public comments or tweets are simply insufficient to form the basis for any viable cause of action.

/ / /

First, the entire Complaint in this matter as against the San Francisco Unified School District ("the District") is barred based on Eleventh Amendment immunity. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992); *see also Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396 (N.D. Cal. 1997) aff'd, 237 F.3d 1026 (9th Cir. 2001); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 929 (9th Cir. 2017). The claims against the individual School Boardmember Defendants are also barred based on Eleventh Amendment immunity and qualified immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-103, 106 (1984); *see also Carmen*, 982 F. Supp. at 1406; *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir. 2010).

Moreover, Collins' federal claims are all fatally flawed. Her first cause of action for First Amendment retaliation must be rejected as removing an elected official colleague from an internal leadership position cannot, as a matter of law, state a claim for First Amendment retaliation. *See Blair*, 608 F.3d at 544; *Zilich v. Longo*, 34 F.3d 359, 361 (6th Cir. 1994); *Phelan v. Laramie Cnty.v. Cmty, Coll. Bd. of Trs.*, 235 F.3d 1243, 1245-46 (10th Cir. 2000); *Hensley v. City of Port Hueneme*, 2019 WL 3035057, *4 (C.D. Cal. 2019). Likewise Collins' second and third causes of action for alleged due process violations are also fatally flawed as there is no protected liberty or property interest at stake here. *See Ingraham v. Wright*, 430 U.S. 651, 672–73 (1977); *see also Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). In particular, Boardmember Collins has no liberty interests at play in regards to her titular internal leadership positions, her alleged reputational harm is not a protected liberty or property interest, and as an elected official she is not an employee and has no "property right" to holding the elected position of School Boardmember let alone a "property right" to hold the title of vice president or serve on committees. *See Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 971 (9th Cir. 2010); *see also Westfall v. City of Crescent City*, 2011 WL 4024663, *6 (N.D. Cal. Sept. 9, 2011) (*Westfall II*); Cal. Gov't Code § 3540.1(j).

Finally, the state law pendent claims should be dismissed as there are no viable federal claims in this matter and Collins also failed to file an administrative claim which is

a mandatory prerequisite under the California Tort Claims Act, as well Collins cannot meet the elements of each state law claim as discussed below.  *See* 28 U.S.C. § 1367(c); *see also* Gov't Code § 910; *Belinda K. v. Cnty. of Alameda*, 2011 WL 2690356, 11 (N.D. Cal. 2011). For all the foregoing reasons, the Complaint in this matter is barred and should be dismissed without leave to amend

## II.    STATEMENT OF FACTS

In 2016, prior to winning elected office as a School Boardmember, Ms. Collins posted tweets that she says reflect her efforts "to combat anti-black racism in the Asian community." Compl. ¶ 2.  These tweets recently resurfaced when  third parties not named as defendants in this litigation republished the comments.  *See* Compl. ¶¶ 48-49. Upon reviewing the resurfaced tweets, the majority of Collins' Board colleagues found her tweets "inflammatory" and to "perpetuate gross and harmful stereotypes" about the Asian American community.  Compl. ¶ 11.  Accordingly, the Board adopted Resolution No. 213-25A1 removing Collins from her internal School Board leadership roles on committees and as vice president.  Compl. ¶ 11; Request for Judicial Notice ("RJN"), Exh. A (Resolution No. 213-25A1).  The resolution does not attempt to remove Collins from her elected office as School Board Commissioner.  *See id*.  Collins retains her elected position as School Board Commissioner with all rights to vote, attend meetings and act in her capacity as an elected official.  *See id.*

Based on the resolution removing Collins from her internal leadership position on the School Board, she filed suit against the District as well as five of her Board colleagues who voted for the resolution asserting a variety of federal and state law claims and seeking injunctive relief as well as purported compensatory and punitive damages.  As discussed in detail below, all the claims are fatally flawed based on lack of jurisdiction and/or for failing to state a claim and should be dismissed in full.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, a

1   complaint must "show" the plaintiff is entitled to relief by alleging factual content that states

2   a plausible claim for relief on its face and mere labels and conclusions will not do.  *Ashcroft*

3   *v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4   (2007).  In ruling on a 12(b)(6) motion, a court can consider matters of public record that

5   are subject to judicial notice and need not accept as true allegations that contradict matters

6   subject to judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001);

7   *In re Gilead Scis. Secs. Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend

8   may be denied if a court determines that "allegation of other facts consistent with the

9   challenged pleading could not possibly cure the deficiency."  *Abagninin v. AMVAC Chem.*

10  *Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

11  **IV.    PLAINTIFF'S ENTIRE COMPLAINT AGAINST THE DISTRICT IS**

12  **BARRED BASED ON ELEVENTH AMENDMENT IMMUNITY.**

13          All of Collins' federal and state law claims against the School District are barred as

14  a matter of law based on Eleventh Amendment immunity.

15          The federal courts lack jurisdiction over claims brought against state agencies

16  pursuant to the dictates of the Eleventh Amendment.  *Cerrato v. San Francisco Cmty. Coll.*

17  *Dist.*, 26 F.3d 968, 972 (9th Cir. 1994); *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d

18  498, 508 (9th Cir. 1990).  The full extent of Eleventh Amendment immunity extends to

19  claims brought under 42 U.S.C. § 1983.  *See Carmen*, 982 F. Supp. 1403 citing *Quern v.*

20  *Jordan*, 440 U.S. 332, 341–42 (1979); *see also Doe v. Regents of the Univ. of California*,

21  891 F.3d 1147, 1153, n. 6 (9th Cir. 2018).  Under the Eleventh Amendment, the federal

22  courts also lack jurisdiction to enjoin state institutions and state officials on the basis of state

23  law.  *Pennhurst State Sch. & Hosp*, 465 U.S. 89 at 124-25; *Doe*, 891 F.3d at 1153.  The

24  immunity of the Eleventh Amendment applies to state agencies regardless of whether the

25  plaintiff seeks injunctive or monetary relief.  *Pennhurst State Sch. & Hosp.*, 891 F.3d at 100,

26  106.

27          School districts in California are considered state agencies for Eleventh Amendment

28  purposes and thus any claim against a California school district for injunctive or monetary

relief is barred as a matter of law.  *Belanger*, 963 F.2d at 251; *Kirchmann v. Lake Elsinore Unified Sch. Dist.*, 83 Cal. App. 4th 1098 (2000); *Carmen v. San Francisco Unified Sch. Dist.*, 982 F.Supp. 1396 (N.D. Cal. 1997) aff'd, 237 F.3d 1026 (9th Cir. 2001).  Indeed, the Ninth Circuit recently reaffirmed this position when it analyzed new reforms to public education funding and governance finding such did not change the status of the California school districts as state agencies entitled to Eleventh Amendment immunity.  *Sato*, 861 F.3d at 929.  Accordingly, given the School District's status as a state agency, the Eleventh Amendment precludes all of Collins' federal and state law claims as against the School District as a matter of law.

## V.   PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL BOARDMEMBERS ARE ALSO BARRED.

Collins has named five sitting Boardmembers as Defendants in this lawsuit and these claims should also be dismissed as a matter of law based on Eleventh Amendment immunity and qualified immunity.

### A.   Barred By Eleventh Amendment Immunity.

The Eleventh Amendment bars a claim for damages under federal law against state officials sued in their official capacities and thus all claims for damages against the individual Board members should likewise be dismissed.  *Pennhurst State Sch. & Hosp.*, 465 U.S. at 102-103, 106; *Edelman v. Jordan*, 415 U.S. 651, 666-67 (1974).  Specifically, all of Collins' claims against the individual Boardmembers are based on acts that stem from official action of the legislative body—namely the vote by the Boardmembers to adopt a resolution removing Collins from her internal leadership positions on the Board.  *See* Compl. ¶¶ 1, 10-11, 58-60; RJN, Exh. A (Resolution No. 213-25A1.)  And there are no allegations of actions or injuries stemming from any Boardmembers' actions arising outside the scope of their official duties.  Here, all the claims against the individual Boardmembers are based on their official actions and any claim for damages is barred as a matter of law.  *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 102-103, 106.

/ / /

1    As well, the Eleventh Amendment is a complete bar to any state law claims as against

2 state officials whether sued in their official or personal capacities and whether seeking

3 injunctive or monetary relief. *Pennhurst*, 465 U.S. at 102-103, 106; *Carmen*, 982 F. Supp.

4 at 1406 [dismissing all state law claims against state officials based on Eleventh Amendment

5 immunity].

6    **B.    Barred By Qualified Immunity.**

7    Moreover, assuming *arguendo* that Collins is attempting to allege claims against her

8 fellow Boardmembers in their personal capacities (which she is not), any claim for damages

9 is still barred based on qualified immunity.

10    Qualified immunity bars a claim for damages as against a public official unless a

11 plaintiff can clear the following two hurdles: (1) the facts alleged show the official's conduct

12 violated a constitutional right; and (2) that right was clearly established. *Cmty. House, Inc.*,

13 623 F.3d at 967 [finding that qualified immunity applied to Establishment Clause and Fair

14 Housing Act claims against city employees sued in their individual capacities]. The

15 existence of qualified immunity should be determined as early as possible in litigation as it

16 is not merely a defense to liability but is an entitlement to "immunity from suit." *Hunter v.*

17 *Bryant*, 502 U.S. 224, 227 (1991) (per curiam) ["we repeatedly have stressed the importance

18 of resolving immunity questions at the earliest possible stage in litigation"].

19    As discussed in detail below, the case law is clear that a resolution and vote to remove

20 Boardmember Collins from the titular role of vice president and from her committee

21 assignments does not impinge any federal constitutional or state law right, and even

22 assuming *arguendo* that it did, such a right is not clearly established given the jurisprudence

23 on this issue. *See* Sections VI-VIII infra. Accordingly, qualified immunity bars all claim

24 for damages as against the individually named Defendants.

25 **VI.   THE COMPLAINT FAILS TO STATE ANY COGNIZABLE FEDERAL**

26 **CAUSE OF ACTION.**

27    In addition to the immunities discussed above, each cause of action in this matter also

28 fails to meet the requisite pleading elements to state a claim and these pleadings flaws cannot

be cured by amendment.  Accordingly the Complaint in this matter should be dismissed in full without leave to amend for these reasons as well.

### A.    First Amendment Retaliation (First Cause Of Action).

Action taken in the political arena to remove an elected official colleague from an internal leadership position cannot as a matter of law state a claim for First Amendment retaliation.  *Blair*, 608 F.3d at 544; *Zilich*, 34 F.3d at 361; *Phelan*, 235 F.3d at 1245-46; *Hensley*, 2019 WL 3035057 at *4.  This is simply part of the rough and tumble nature of the political environment.  Accordingly, Boardmember Collins' First Amendment retaliation claim based on being stripped of her titular role of vice president and committee assignments is fatally flawed and must be dismissed.

Indeed, the Ninth Circuit has already directly ruled on this issue in the *Blair* case, rejecting a retaliation claim brought by a school boardmember against his fellow boardmembers who voted to remove him as their vice president because of his criticism of the school district's superintendent.  *Blair*, 608 F.3d at 544.  The Court found that this action was the ordinary functioning of the democratic process—the other boardmembers wanted someone in a leadership position who shared their positive views about the superintendent— and Blair's removal from his position did not constitute First Amendment retaliation as a matter of law.  *Id.* at 544.  The Ninth Circuit explained that in the political arena it is common for political bodies to have voting for internal leadership positions be openly partisan and just as Blair's constituents could vote him out of office based on his views and speech, so too his co-board members could vote him out of internal leadership roles without violating the First Amendment.  *Id.* at 544-45.  All the boardmembers (not just Blair) had protected interests in speaking out and voting their conscience on the issues they confronted including the internal matter of who among them was best to fill certain titular, leadership positions. *Blair*, 608 F.3d at 545.  And while Blair had a First Amendment right to criticize the superintendent, the other boardmembers had the corresponding right to replace him with someone who, in their view, represented the majority of the board.  *Id.* at 546.  Accordingly, while the impetus to remove Blair as vice president undoubtedly stemmed from his speech

1  (namely his advocacy against the superintendent) the board's action did not amount to

2  retaliation in violation of the First Amendment. *Id.*

3      Likewise, in *Zilich*, the Sixth Circuit rejected an outgoing councilmember's First

4  Amendment retaliation claim against city councilmembers who passed a resolution stating

5  that he had never been qualified to hold office. *Zilich*, 608 F.3d at 363. The Sixth Circuit

6  explained that voting on legislative resolutions is simply the expression of political opinion

7  and that a legislative body does not violate the First Amendment when some members cast

8  their votes in opposition to other members based on partisan, political, or ideological

9  differences. *Id*. Similarly, in *Hensley*, the district court found that a city councilmember

10 that was censured and removed from all committees by his fellow councilmembers for his

11 speech with which they disagreed, did not have a viable First Amendment retaliation claim.

12 *Hensley*, 2019 WL 3035057 at *4.

13     Here, similar to the cases discussed above, the decision of the Board to pass a

14 resolution and remove Collins from her internal leadership positions does not amount to a

15 First Amendment retaliation claim as a matter of law. *See Blair*, 608 F.3d at 544; *see also*

16 *Zilich*, 34 F.3d at 361; *Hensley*, 2019 WL 3035057 at *4. That the Defendants' actions were

17 motivated by tweets that took place prior to Collins' tenure on the Board and that they were

18 uncovered by third parties not named in the lawsuit are distinctions without merit and do not

19 change the legal analysis. Likewise, Plaintiff's reliance on *Bond v. Floyd*, 385 U.S. 116

20 (1966) is unavailing.[1] *See* Compl. ¶ 77. Rather, the *Bond* case involved a situation where

21 state legislators were attempting to block a duly elected representative from taking office

22 which would amount to a nullification of the popular vote. *Bond*, 385 U.S. at 136-37. The

23 Ninth Circuit specifically rejected the application of the *Bond* case to situations where

24 elected officials are stripped of internal leadership positions because such does not remove

25

26 _____

27 [1] Collins also cites to a test for First Amendment retaliation where a public employer discharges an employee (Compl. ¶ 69) but this test has no application here. Collins is an elected official -- not a public school employee (*see* Cal. Gov. Code §3540.1(j)) -- nor was

28 she discharged from her position as School Boardmember.

them from the office to which they were elected by the general populace or deprive them of their ability to vote on the issues that come before the elected body.  *Blair*, 608 F.3d at 554. Here, like the plaintiff in the *Blair* case, Collins retains the position to which she was elected by the general populace, namely School Boardmember.  Her loss of internal leadership positions does not impact her ability to vote on the issues that come before the Board or otherwise deprive her of the authority to hold her office of School Boardmember.  *See* RJN, Exh. A (Resolution No. 213-25A1).  Rather, the fact that she no longer holds these internal leadership positions is the ordinary functioning of the democratic process—specifically, the other named Boardmembers wanted someone else in those internal positions.  *See Blair*, 608 F.3d at 544-45.  Indeed, in local politics elected officials are frequently removed from internal leadership positions for various political or personal reasons and such is simply part of the give and take of the political process and does not constitute any type of constitutional violation.  In short, Boardmember Collins' removal from her titular vice chair role and committee positions is part and parcel of the ordinary functioning of the democratic process and does not constitute First Amendment retaliation as a matter of law.

### B.      Due Process Claims (Second and Third Causes of Action).

Collins also alleges two due process claims based on an alleged liberty interest in her reputation and an alleged property right to the titular and committee roles on the Board. Both claims fail as a matter of law.  The Fourteenth Amendment protects against the deprivation of property or liberty without procedural due process.  The procedural guarantees apply only when a constitutionally protected liberty or property interest is at stake and there are none at play here.  *See Ingraham*, 430 U.S. at 672–73; *see also Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 569, 577 (1972); *Jackson*, 353 F.3d at 755.

### 1.      No Liberty Interest (Second Cause of Action).

Collins' ill-conceived attempt to allege a due process claim based on a liberty interest in her reputation must be rejected.  Collins claims that she has a reputational liberty interest as an employee in the accuracy of charges made in connection with the termination of employment.  Compl. ¶ 91.  But Collins is not an employee (*see* Cal. Gov't Code § 3540.1(j))

1   nor has she been terminated.  Rather, she still holds her elected position on the Board.  For

2   these reasons alone, Plaintiff's second cause of action based on a purported due process

3   liberty interest fails as a matter of law.

4        Moreover, case law establishes that reputational harm alone does not suffice for a due

5   process claim and when it comes to elected officials acts such as censure do not rise to the

6   level of an actionable claim.  *See Paul v. Davis*, 424 U.S. 693, 701 (1976); *see also*

7   *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003); *Westfall v. City of Crescent City*,

8   2011 WL 2110306, *7–8 (N.D. Cal. May 26, 2011) *(Westfall I)* [council member failed to

9   identify a protected liberty or property interest that was violated by censure]; *Krainski*, 616

10  F.3d at 971 [affirming dismissal of Section 1983 action because the plaintiff only alleged

11  reputational injury and loss of future income, which were insufficient to state a due process

12  claim].  Nor do lost wages or business opportunities caused by the reactions of third parties

13  to alleged censure or other reputational statements suffice to state a due process claim.

14  *Westfall II*, 2011 WL 4024663 at *6.

15       Here, Collins alleges that Board Resolution No. 213-25A1 coupled with the

16  Defendants' criticism of her tweets resulting in removing her from the titular role of vice

17  president and committee assignments caused "severe mental, and emotional distress,

18  humiliation, loss of enjoyment of life, misery, inconvenience, anxiety, discomfort, fear" and

19  "significant loss of reputation" and "impairs [her] reputation for honesty or morality" (*see*

20  Compl. ¶¶ 36, 92).  But such alleged injury to reputation, negative publicity or emotional

21  distress does not suffice to state a due process claim.  *Krainski*, 616 F.3d at 971.  In fact,

22  Defendants cannot and did not reduce Collins' compensation as a sitting Boardmember.

23  And, to the extent that Collins experienced any reduction in professional or business

24  opportunities based on a third party's reaction to the Resolution that simply does not suffice

25  to establish a legally viable due process claim.  *See Westfall II*, 2011 WL 4024663 at *6.

26       Finally, while it is unclear if Collins is attempting to allege a procedural due process

27  claim in addition to her flawed substantive due process claim, any such procedural due

28  process claim also fails as Collins was afforded the process she was due, namely notice and

1   an opportunity to be heard.[2]  *See Westfall II,* 2011 WL 4024663 at *6; *Cleveland Bd. of*

2   *Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Bd. of Regents of State Coll. v. Roth*, 408

3   U.S. 564, 576-78 (1972); *Zinermon v. Burch,* 494 U.S. 113, 125-30 (1990).  In short, Collins

4   has no protected liberty interest at play and even if she did, she was afforded the process she

5   was due.

## 2. No Property Interest (Third Cause of Action).

7       Next, Collins attempts, but fails, to allege a due process violation based on an alleged

8   property right in her employment.  While the due process clause includes some generalized

9   due process right to choose one's employment, the right to work is not a fundamental right,

10  and cases recognizing such a right deal with a complete prohibition on the right to engage

11  in a calling.  *Sagana v. Tonorio*, 384 F.3d 731, 742–43 (9th Cir. 2004); *Wedges/Ledges v.*

12  *City of Phoenix*, 24 F.3d 56, 65-66 (9th Cir. 1994); *Guzman v. Shewry*, 552 F.3d 941, 954

13  (9th Cir. 2009).

14      Here, Collins has no "property right" to hold the elected position of School

15  Boardmember let alone a "property right" to hold the titular role of vice president or serve

16  on committees.  And it is undisputed that Collins still holds the position to which she was

17  elected, namely School Boardmember.  There is simply no protected property interest at

18  play.  And while Plaintiff makes reference to alleged "Skelly Rights" (*see* Compl. ¶ 103)

19  such rights have no application in this case.  *See Skelly v. State Pers. Bd.,* 15 Cal.3d 194

20  (1975).  Rather, in *Skelly* the California Supreme Court discussed the federal jurisprudence

21  supporting a due process property right for a permanent employee in the continuation of her

22  employment.  *Skelly*, 15 Cal.3d at 206-207.  The California Supreme Court then outlined the

23  process due to a public employee before employment termination or disciplinary action is

24  taken.  *See id*.  But this process is due to an *employee* and Boardmember Collins is an elected

25

26  _____

27  [2] The Complaint makes passing reference to the Brown Act (*see* Compl. ¶ 57) but the Brown Act is irrelevant to a federal due process claim and also cannot support a state law claim as Collins did not aver that she made a written demand to cure as is required under the Brown

28  Act.  *See* Gov't Code § 54960.1(b); *see also Westfall II*, 2011 WL 4024663 at * 5.

official, not an employee.   *See* Cal. Gov't Code § 3540.1(j).   Specifically, under the Government Code "persons elected by popular vote" are excluded from the definition of "[p]ublic school employee" or "employee".   Cal. Gov't Code § 3540.1(j).   Accordingly, *Skelly* has no relevance here and Collins has no *Skelly* or other due process rights in her elected position on the Board, the titular role of vice president, or in committee positions and her alleged due process claim based on a purported property right fails as a matter of law.

## VII.   THE COMPLAINT ALSO LACKS ANY VIABLE CAUSE OF ACTION UNDER STATE LAW.

As there are no viable federal claims in this matter the Court should decline to exercise supplemental jurisdiction over the pendent state law claims and should dismiss the state law claims for these reasons alone.   *See* 28 U.S.C. § 1367(c).   Moreover, all the state law claims are barred by the California Tort Claims Act as Collins has not filed an administrative claim which is a mandatory prerequisite for bringing suit on her state law claims.   *See* Gov't Code § 910; *Belinda K*, 2011 WL 2690356 at *11.   Finally, even assuming *arguendo* that the state law claims are not barred for these reasons, each state law claim is also fatally flawed for the specific reasons noted below.

### A.   Intentional Infliction of Emotional Distress (Fourth Cause Of Action).

Plaintiff's intentional infliction of emotional distress claim fails as a matter of law as a resolution removing Collins from internal leadership positions on the Board is not extreme or outrageous conduct and moreover is privileged conduct that cannot form the basis for any actionable cause of action under California law.   *See Hughes v. Pair*, 46 Cal.4th 1035, 1050–51 (2009); *see also Westfall I*, 2011 WL 2110306, at *9; Cal. Civil Code § 47.

In order to state a claim for intentional infliction of emotional distress, there must be allegations of conduct that is so "outrageous" and so "extreme as to exceed all bounds of that usually tolerated in a civilized community."   *Hughes*, 46 Cal.4th at 1050–51 quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993).   Censure, or other internal jostling between elected officials on an elected body, does not constitute extreme or

outrageous conduct but instead is the norm in the political arena. *Westfall I*, 2011 WL 2110306, at *9. Moreover, communications made during, or in preparation for, any official proceeding authorized by law are privileged under California statute and cannot form the basis for any actionable cause of action. Cal. Civ. Code § 47; *Westfall I*, 2011 WL 2110306, at *9 [intentional infliction of emotional distress claim barred where based on city council's censure of plaintiff councilmember]; *Cayley v. Nunn*, 190 Cal. App. 3d 300, 303 (1987) [privilege attached to statements made in preparation for and at city council meeting]; *Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277, 285–86 (1974) [absolute immunity attaches to statements made before a legislative body and publication of such statements at the meeting]. The privilege under Section 47 of the Civil Code applies to most torts including, intentional infliction of emotional distress. *Westfall I*, 2011 WL 2110306, at *9.

Here, Collins' claim for alleged intentional infliction of emotional distress stems from the Defendants' statements in preparation for, or contained in, Resolution No. 213-25A1, adopted at the March 25, 2021 School Board meeting. These communications are neither extreme nor outrageous and moreover are covered by the immunities provided for under California law. *See* Cal. Civil Code § 47. Accordingly, Collins has no cognizable intentional infliction of emotional distress claim.

## B. Negligence (Fifth Cause Of Action).

Collins' negligence claim also fails as it is based on a faulty premise. Specifically, she makes her claim based on the theory that a public entity is liable for injury to an employee of the public agency such that Defendants' alleged "termination" of Collins' "employment position as vice president and her committee duties" was negligent. Compl. ¶ 112. But Collins, as a politically elected official, is not an employee of the District nor was she terminated from her position as School Boardmember. *See* Cal. Gov't Code §3540.1(j). For this reason alone, Plaintiff's negligence claim must be rejected. Moreover, as explained in *Blair,* the "minor indignity" of being stripped of the titular position of vice president and committee membership is *de minimus* and does not give rise to a colorable claim. *Blair*, 608 F.3d at 544.

1

### C.     Skelly Claim (Sixth Cause Of Action).

2     As with Plaintiff's misguided reliance on "Skelly Rights" for her federal due process

3     claim, her state law claims based on purported "Skelly Rights" is also fatally flawed as a

4     matter of law.  *See* Compl. ¶ 114.  Collins is not a public employee but an elected official

5     who can be voted out of office.  The California Supreme Court's *Skelly* case established the

6     due process requirements for a civil service or public sector employee before being

7     disciplined or terminated which has no relevance here as Boardmember Collins is not an

8     employee.  *See Skelly*, 15 Cal.3d 194; *see also* Cal. Gov't Code § 3540.1(j)).  Accordingly,

9     Collins has no "Skelly Rights" nor any legally cognizable claim based on such.

10

### D.     Retaliation (Seventh Cause Of Action).

11     Boardmember Collins' state law retaliation claim is also a nonstarter.  It is based on

12     the flawed theory that Defendants violated Labor Code § 1102.5 by adopting Resolution No.

13     213-25A1 and "stripping her of her employment duties" when removing her from the vice

14     president and committee positions.  But as with Plaintiff's negligence and Skelly claims, this

15     claim fails as elected Boardmember Collins is not an employee of Defendants.  *See* Cal.

16     Gov't Code §3540.1(j).  Labor Code § 1102.5 applies to the employer-employee relationship

17     and has no application here.  Accordingly, this claim must be dismissed as a matter of law.

18     ## VIII.   THE CLAIM FOR PUNITIVE DAMAGES IS FATALLY FLAWED.

19     As discussed in detail above, any claim for damages is barred by Eleventh

20     Amendment immunity and qualified immunity and accordingly, the claim for punitive

21     damages should be dismissed for this reason alone.  Moreover, any claim for punitive

22     damages is subject to dismissal as a matter of law as there are no factual allegations showing

23     that the actions of the individual Boardmembers were so outrageous or shocking to the

24     conscience as to justify punitive damages.  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471,

25     492–93 (2008); *see also Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304–1305, n. 4

26     (9th Cir. 1998), opinion amended on denial of reh'g, 156 F.3d 988 (9th Cir. 1998) [punitive

27     damages are for behavior that is motivated by evil motive or intent or involves reckless or

28     callous indifference to federally protected rights].  Rather, as the Ninth Circuit explained in

*Blair*, removal from internal leadership positions is part of the rough and tumble of politics and part of the "ordinary functioning of the democratic process." *See Blair*, 608 F.3d at 544. Accordingly, Collins' removal from internal Board leadership positions does not rise to such a level as to shock the conscience and cannot support a claim for punitive damages.

## IX.   CONCLUSION

For all the foregoing reasons, the District and Boardmember Defendants respectfully request that the Court dismiss Plaintiff's Complaint without leave to amend.


DATED:  May 17, 2021                    MEYERS NAVE




                                        By:      /s/ Deborah J. Fox
                                              DEBORAH J. FOX
                                              Attorneys for Defendants
                                              SAN FRANCISCO UNIFIED SCHOOL
                                              DISTRICT; COMMISSIONER JENNY LAM;
                                              COMMISSIONER FAAUUGA MOLIGA;
                                              COMMISSIONER MATT ALEXANDER;
                                              COMMISSIONER KEVINE BOGGESS; and
                                              COMMISSIONER MARK SANCHEZ

3738310