1  Deborah J. Fox (SBN: 110929)
   dfox@meyersnave.com
2  Camille Hamilton Pating (SBN: 122890)
   cpating@meyersnave.com
3  Margaret W. Rosequist (SBN: 203790)
   mrosequist@meyersnave.com
4  Yujin Chun (SBN: 306298)
   ychun@meyersnave.com
5  MEYERS NAVE
   1999 Harrison Street, 9th Floor
6  Oakland, California 94612
   Telephone: (510) 808-2000
7  Facsimile: (510) 444-1108

8  Attorneys for Defendants
   SAN FRANCISCO UNIFIED SCHOOL
9  DISTRICT; COMMISSIONER JENNY
   LAM; COMMISSIONER FAAUUGA
10 MOLIGA; COMMISSIONER MATT
   ALEXANDER; COMMISSIONER KEVINE
11 BOGGESS; and COMMISSIONER MARK
   SANCHEZ

12

13              **UNITED STATES DISTRICT COURT**

14     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

15

16 ALISON COLLINS,                          Case No. 4:21-cv-02272-HSG

17          Plaintiff,                       **DEFENDANTS' OBJECTIONS TO
                                             DECLARATION OF ALISON
18          v.                               COLLINS IN SUPPORT OF
                                             PLAINTIFF'S MOTION FOR OSC
19 SAN FRANCISCO UNIFIED SCHOOL             SEEKING A PRELIMINARY
   DISTRICT, CITY AND COUNTY OF             INJUNCTION**
20 SAN FRANCISCO; SCHOOL BOARD
   COMMISSIONERS JENNY LAM, IN              Date:      August 19, 2021
21 HER INDIVIDUAL CAPACITY;                 Time:      2:00 p.m.
   FAAUUGA MOLIGA IN HIS                    Crtrm.:    2, 4th Floor
22 INDIVIDUAL CAPACITY; MATT
   ALEXANDER IN HIS INDIVIDUAL              The Hon. Haywood S. Gilliam, Jr.
23 CAPACITY; KEVIN BOGGESS IN HIS
   INDIVIDUAL CAPACITY; AND MARK            Complaint Filed:   March 31, 2021
24 SANCHEZ IN HIS INDIVIDUAL                Trial Date:        None Set
   CAPACITY AND DOES 1-50,
25 INCLUSIVE,

26          Defendants.

27

28

Defendants San Francisco Unified School District, Commissioner Jenny Lam, Commissioner Faauuga Moliga, Commissioner Matt Alexander, Commissioner Kevine Boggess, and Commissioner Mark Sanchez ("Defendants") hereby submit the following evidentiary objections to the Declaration of Alison Collins in Support of Application and Motion for Order Directing Defendants to Show Cause Why a Preliminary Injunction Should not Issue Restoring Plaintiff to her Position as Vice President of the San Francisco Unified School District Board and her Committee Appointments ("Collins Declaration").

As an initial matter, the entire Collins Declaration should be stricken for non-compliance with Northern District Local Rule 7-5 which states that "[a]n affidavit or declarations may contain only facts . . . must avoid conclusions and argument . . . [and any] affidavit or declaration not in compliance with this rule may be stricken in whole or in part."  Almost the entirety of the Collins Declarations consists of (irrelevant) conclusions and arguments and the entire declaration should be stricken for this reason alone pursuant to Local Rule 7-5.  The objections to each individual paragraph of the twenty-six page declaration is also set forth below.

**OBJECTIONS TO DECLARATION OF ALISON COLLINS**

| Collins Declaration Paragraph No.: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| 3.   I request this Court restore me to my position as vice president of the Board of San Francisco Unified School District and to my committees from which I was wrongfully removed based on my exercise of my First Amendment rights of free speech as a private citizen two (2) years before I was elected to the Board.  A Temporary Restraining Order is the only way to remedy this immediate and continuing irreparable injury to me performing my duties as vice president and as member of various committees, irreparable | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to the first sentence of this paragraph on the additional grounds that it is irrelevant because when Collins engaged in her speech activity has no relevance to the issues before the Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |

| | | |
|---|---|---|
| injury to my reputation, my standing in the community, and to my constituents. | | |
| 4.      On March 24, 2021, I was summarily, and without adequate and legal prior notice, removed from my position as VP and committee assignments solely due to my exercise of my First Amendment rights of free speech in twelve (12) tweets on December 4, 2016 as a private citizen two (2) years before I was elected to the Board in November 2018. | Defendants object to this paragraph on the grounds that it lacks foundation, and contains improper opinion and argument.  *See* Fed. R. Evid. §§ 602, 701, 901; *see also* N. Dist. Local Rule 7-5. Resolution No. 213-25A1 speaks for itself and Collins' conjecture on the basis for removal of her from internal leadership is lacking in foundation and improperly seeks to delve into the thought and reasoning process of sitting Boardmembers.  *See id.*<br><br>Defendants also object to this paragraph on the additional grounds that it is irrelevant because when Collins engaged in her speech activity has no relevance to the issues before the Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied      ____ |
| 5.      I was stripped of my positions even though Board members voting to remove me presented no evidence I had repeated the remarks I made as a private citizen after I was elected to the Board. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the additional grounds that it is irrelevant because whether Collins made her remarks as a private citizen has no relevance to the issues before the Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied      ____ |
| 6.      I was removed from my positions despite the fact I had not discriminated against any racial or ethnic group ever in my life, nor had I advocated for such discrimination as a member of the Board, as its VP, in my committee assignments or at any time. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the additional grounds that it is irrelevant whether Collins had or had not discriminated in assessing any of the elements for a preliminary injunction based on Plaintiff's First | Sustained ____<br><br>Denied      ____ |

| | | |
|---|---|---|
| | Amendment claim.  *See* Fed. R. Evid. §§ 401-402. | |
| 7.     I will prevail on the merits of my Claim for violation of my rights under the First Amendment of the United Sates Constitution because the Board Resolution was solely based on the exercise of my First Amendment Right of Free Speech while I was a private person, two (2) years before I was elected to the Board. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the additional grounds that it is irrelevant because whether Collins made her remarks as a private citizen has no relevance to the issues before the Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained \_\_\_\_<br><br>Denied \_\_\_\_ |
| 8.     During the November 6, 2018 election, I was elected to the San Francisco Unified School District Board of Education, where I continue to serve as a board commissioner. I was elected with a plurality of votes, totaling 122,865, which represents 15% of the 817,920 votes cast in this election out of the 19 candidates who ran during this election. | Defendants object to the second sentence of this paragraph on the grounds that it is irrelevant as to what percentage of the votes cast Collins obtained in her election to the Board.  *See* Fed. R. Evid. §§ 401-402.<br><br>Defendants note that the one relevant fact in this paragraph is Collins' statement and acknowledgement that she still serves on the Board and still holds the position to which she was elected. | Sustained \_\_\_\_<br><br>Denied \_\_\_\_ |
| 9.     On March 23, 2021, at 2:30pm DEFENDANT FAAUUGA MOLIGA announced on Twitter: "Commissioner Lam & I will be submitting resolution at 3/25 special meeting to remove Commissioner Collins as V.P. and from all Committees to which she is assigned." In violation of SFUSD Board Rules and Procedures providing that items be agendized by the president, DEFENDANT MOLIGA forced Resolution No. 213-25A1 Assertion of No-Confidence ("Resolution") , onto a previously agendized special closed session meeting, removing me from my position | Defendants object to the first sentence of this paragraph on the grounds that it is hearsay.  *See* Fed. R. Evid. § 801-802.<br><br>Defendants object to the second sentence of this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained \_\_\_\_<br><br>Denied \_\_\_\_ |

| | | |
|---|---|---|
| as Vice President and from committees. | | |
| 10.     DEFENDANTS MOLIGA and LAM based the Resolution on tweets I made as a private citizen two (2) years before being elected to the Board. A Lowell alumna, Diane Yap, who was critical of a resolution I had authored to open enrollment at Lowell High School to Black, Latinx and immigrant students, and students with disabilities, searched my tweets and shared them with the media. | Defendants object to this paragraph on the grounds that it lacks foundation, and contains improper opinion and argument.  *See* Fed. R. Evid. §§ 602, 701, 901; *see also* N. Dist. Local Rule 7-5. Resolution No. No. 213-25A1 speaks for itself and Collins' conjecture on the basis for removal of her from internal leadership is lacking in foundation and improperly seeks to delve into the thought and reasoning process of sitting Boardmembers.  *See id.*<br><br>Defendants further object to this paragraph as irrelevant as the actions of Diane Yap, a third party, have no bearing on the issues related to Collins' First Amendment claim.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |
| 11.     DEFENDANTS MOLIGA and LAM adopted and endorsed Lowell alumna, Diane Yap's views that if I championed increased enrollment for Black and Latinx students at Lowell High School, I was racist against Asian Americans. Diane Yap had expressed documented racially disparaging statements against the Black and Latinx community, suggesting these students were academically inferior and undeserving of enrollment at Lowell. Based on this false assertion, DEFENDANTS MOLIGA AND LAM launched a media campaign against me, labeling me as an anti-Asian racist. | Defendants object to this paragraph on the grounds that it lacks foundation, and contains improper opinion and argument.  *See* Fed. R. Evid. §§ 602, 701, 901; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants further object to this paragraph on the grounds that Collins lacks personal knowledge to support the statement that Boardmembers Moliga or Lam "adopted and endorsed" Ms. Yap's views or "launched a media campaign" against her.  *See* Fed. R. Evid. § 602.<br><br>Defendants further object to this paragraph as irrelevant because the unsupported statements as to whether Boardmembers Moliga and Lam relied on statements or actions of Diane Yap have no bearing on the issues related to Collins' First Amendment claim or her request for a preliminary injunction.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |

Case No. 4:21-cv-02272-HSG

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| 12.   DEFENDANTS MOLIGA and LAM's Resolution made false statements, slandered my character, and demanded my resignation from the Board. On March 19, 2021, DEFENDANT LAM had called me, demanding my resignation from the Board, and threatening that "If you do not resign, it will get messy!" I did not resign. The Resolution called for the removal of my title as vice president and my removal from membership in all committees on which I served. | Defendants object to the first sentence of this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants object to the second sentence as improper hearsay.  *See* Fed. R. Evid. §§ 801-802.<br><br>Resolution No. No. 213-25A1 speaks for itself and Collins herself notes that she did not resign. | Sustained ____<br><br>Denied ____ |
| 13.     On March 25, 2021, the Resolution was approved by a vote of 5-2. In so doing, DEFENDANTS caused irreparable injury to me by putting me and my family at physical, political, professional and economic risk. As one of the most active and accomplished members on the Board, DEFENDANTS also put at risk the work I was elected to do, causing continued irreparable injury to my constituents. In the past two (2) years, I have drafted more resolutions that pertain to cultural equity, visibility and access than any other commissioner currently on the Board. (See Accomplishments section which follows.) | Defendants object to the second through fourth sentences of this paragraph on the grounds that it is improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants note that the first sentence is permissible evidence which sentence states that the Resolution was adopted by a 5-2 vote on March 25, 2021. | Sustained ____<br><br>Denied ____ |
| 14.     As elected officials, commissioners take an oath to follow, uphold, and defend the Constitution of the United States of America. In approving the Resolution, DEFENDANTS stripped me of my VP and committee positions, violating my First Amendment Rights to free speech under the United States Constitution. | Defendants object to the second sentence of this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____<br><br>Denied ____ |

Case No. 4:21-cv-02272-HSG
DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| 15.     Before the vote on the illegal Resolution I, along with President Gabriela Lopez, protested and complained that the Board's proposed action on the Resolution was a violation of the Board rules, a deviation from normal Board practices, and a violation of the law. DEFENDANTS ignored my and President Lopez' complaints of irregularity and maintained they had complied with Board Rules. I challenged whether they had complied with the rules regarding agendizing "non-routine matters". | Defendants object to the first sentence of this paragraph regarding a purported "illegal" resolution on the grounds that it is irrelevant and contains improper opinion and argument.  *See* Fed. R. Evid. §§ 401-402, 701; *see also* N. Dist. Local Rule 7-5.  This case contains no assertions of any Brown Act violations. | Sustained ____<br><br>Denied ____ |
| 16.     I asserted in words to the effect that DEFENDANTS MOLIGA and LAM violated the Brown Act by circumventing the Board rules requiring: "Consideration of Proposals and Non-Routine Items: All non-routine matters shall generally appear on the Board's agenda for at least two (2) regular meetings prior to adoption by the Board. The proposal shall be introduced for a first reading and assigned to committee or referred to the next regular board meeting for second reading and action." Defendants' Resolution was a "non-routine matter". | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.  This case contains no assertions of any Brown Act violations or allegations of a demand to cure as required under the Brown Act. | Sustained ____<br><br>Denied ____ |
| 17.     The Board Rule is mandatory providing such "non-routine matters shall generally appear on the...agenda for at least two (2) days prior to adoption...."". The Resolution was introduced for a vote in only one meeting, and it was not introduced at a regular board meeting or special committee of the whole meeting but a special meeting which was intended to be a closed session meeting to discuss the interim superintendent. This rule was violated in every other aspect. DEFENDANTS violated the | The Agenda for the March 25, 2021 meeting speaks for itself and calls out that the Proposed No Confidence Resolution was noticed for Open Session.<br><br>Defendants also object to sentences three and four on the grounds that they are improper opinion and argument about whether the Defendants violated the Brown Act.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____<br><br>Denied ____ |

| | | |
|---|---|---|
| Brown Act, ensuring public transparency in decision making of district policies. (See Board Rules and Procedures 9322 on Board Docs under the Policies tab.) | | |
| 18.  My assertion to the DEFENDANTS in protest of the DEFENDANT'S proposed illegal conduct, was that it was illegal to follow a legal procedure to create an illegal act. That is, even if DEFENDANTS procedure was consistent with the Board rules regarding "non-routine matters", the procedure was made illegal because the purpose was to violate my First Amendment Constitutional Rights. | Defendants object to this paragraph on the grounds that it is improper opinion and argument about purported "illegal conduct" of Defendants. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____<br>Denied ____ |
| 19.  Further, I, along with President Lopez protested that the DEFENDANTS were violating the Board's Rule providing the following: "The Board President, Vice President, Superintendent, and/or designee(s) shall review the agenda before it is printed and shall have final authority over whether each item on the agenda is placed in accordance with Board policy. At his/her discretion the president may delay placing a resolution for first reading on the agenda for not more than one (1) meeting if there are more agenda items than are manageable." Id. | Defendants object to this paragraph as irrelevant. *See* Fed. R. Evid §§ 401-402.  This case contains no allegations of Brown Act or other procedural violations. | Sustained ____<br>Denied ____ |
| 20.  Specifically, before the vote during the March 25th Board meeting  (1:23:03 time on video recorded meeting), to strip me of my title and roles, I stated the following.:<br><br>"The intent and the purpose of this resolution and the urgent and irregular manner in which it has been conceived and presented, raises several | Defendants object to this paragraph which purports to be a verbatim rendition of what Plaintiff said at the March 25, 2021 Board meeting as irrelevant because it has no bearing on the issues related to Collins' First Amendment claim or her request for a preliminary injunction which are the only pending issues before this Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br>Denied ____ |

Case No. 4:21-cv-02272-HSG
DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| 1<br>2<br>3 | questions and concerns for me. So, I am compelled to provide the following comments for the record, while also noting there will be more likely to follow. | Defendants also object to this paragraph based on lack of authentication as it is not a certified transcript of the Board meeting. *See* Fed. R. Evid. § 901. |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | As a matter of process, and to ensure proper discharge of the Board's duties, it is the Board President who sets the agenda and runs the meeting. Despite a unanimous vote by this body to nominate President Lopez to perform these roles and others it appears the proper process of the role of the president are now being disregarded by the introduction of a resolution, without going through the president, or without even notifying the president. | |
| 12<br>13<br>14<br>15<br>16<br>17 | This board has agreed, and stated publicly, the number one priority is the reopening of SFUSD schools as quickly and safely as possible. That is my number one priority. The public has made it abundantly clear they want to see more evidence of that commitment in terms of time spent in these meetings and tangible results. | |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | This Resolution distracts from priority matters, and at the same time, could have potentially negative impacts on the proper functioning of this board at a critical moment for the District and the City. Recently the Board has undertaken the critically important task of finding a new superintendent, which this body has agreed would be the focus of today's meeting. It is now 5:40 [pm] the meeting began at 4:10 [pm] and this is time that could have been used for that purpose. | |
| 26<br>27<br>28 | The Resolution put forth at this time, and in this manner, distracts from our purposes and causes additional risks of | |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| delaying this extremely important process, and potentially destabilizes the district. Now more than ever we need to work together effectively as a board, and with other stakeholders, to address the critical challenges of this moment. This Resolution does nothing to enhance our team, nor our chances for success and I worry harm has already been done, regardless of the outcome of this discussion.<br><br>Lastly, I reject the attempts to mischaracterize me as a person, and as a member of this Board. Thank you." | | |
| 21.     During the March 25th Board meeting  (1:27:44 time on video recorded meeting), before the vote to approve the Resolution, President Lopez also noted the irregularity of the process, commenting that the way DEFENDANT MOLIGA had pushed it onto the agenda circumvented her leadership. She stated:<br><br>"I, before we proceed with the vote, of course would like to share a few of my own comments and perspectives leading up to this entire process, beginning with truly naming how this happened. I do want to be clear that it's evident when we are in these positions my leadership is consistently undermined and that's what happened with this agenda. It was publicly noted without me knowing in a way that is not the formal process. But given I've always shown up as a leader to support what the Board wants, that is why we're having this discussion today. But, it in no way followed the appropriate process, and I'm seeing patterns from my colleagues. | Defendants object to this paragraph which purports to be a verbatim rendition of what President Lopez said at the March 25, 2021 Board meeting as irrelevant because it has no bearing on the issues related to Collins' First Amendment claim or her request for a preliminary injunction which are the only pending issues before this Court. *See* Fed. R. Evid. §§ 401-402.<br><br>Defendants also object to this paragraph based on lack of authentication as it is not a certified transcript of the Board meeting. *See* Fed. R. Evid. § 901. | Sustained ____<br><br>Denied      ____ |

I keep hearing how this is taking away from our priorities. I hear it from the public. I hear it from commissioners. I hear from our students. And it absolutely does. And it's really inconsistent with what we say we do. And that's usually happening when we're met with a challenge. So we're here now, and we've taken this time to move away from what we said we were going to focus on which is reopening schools, to discuss the removal of a leader who has shown up for this district since she started, since before she got on the board.

I am not taking away from the pain that people are feeling, and I'm also acknowledging and I have my own, and I'm carrying that with me and I'm showing up here because I believe in the school district, and I believe in this board. But this entire process has been beyond hurtful. Has not acknowledged what we really need to be discussing. It does not model for our students the process that we say we preach. And it is really disappointing to hear that we don't want to devalue the work that Commissioner Collins has done, when it's exactly what's happening.

I've learned a lot from your leadership, Commissioner Collins.

And I've seen many of the anti-racist practices that SFUSD claims, be called out by Commissioner Collins. And I look at the track record, the work that she's contributed, and what she's uplifted and highlighted for us. And I know that this is complicated and this is hard, because we don't want to be met with the fact that we may have racism inside of us.

| | | |
|---|---|---|
| But, there's no denying that this is what she's brought for the board, and that is why she was chosen as a leader by our colleagues. | | |

1  But, there's no denying that this is what she's brought for the
2  board, and that is why she was chosen as a leader by our
3  colleagues.

4  So, to see this happening now, and to not say that this is
5  political, to me, this is a ridiculous display of that. And I
6  know we'll disagree. That's fine. I can have that
7  conversation. I don't believe this is the process to do it and I've
8  named that.

9  I have countless resolutions that show Commissioner Collins'
10  commitment to this work. And what I've been hearing is she
11  doesn't display that because of what came up five years ago,
12  which was a political tactic. And that's why, to me this is
13  inconsistent. Because the work that she's brought up, the work
14  ethic and everything that I've seen doesn't match what I'm
15  hearing. And it is related to so many other things.

16

17  So, I really want us to sit down and acknowledge that we're
18  human. That we need a process. That we need to confront it.
19  And we cannot rush what's happening right now, because
20  of the pressure that we face. We've always felt pressured.
21  Since the beginning of this board's term we've confronted
22  these issues. And have been met with that pressure, because
23  we've been challenging a lot of the things that people don't want
24  to talk about. That's why we're harassed. That's why we're
25  threatened.

26  A member of this board told me after the renaming vote, that this
27  is civil rights work. And the reason why we're met with
28  everything that we're met with is because of us challenging

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| that. And I just don't want us to fall under the pressure knowing that we're here representing a number of individuals who don't show up to these board meetings, who don't email us, who don't have a voice, who can't communicate with us. Commissioner Collins has consistently shown up for those people, and has called out the need for language access, for clear communication, for transparency.<br><br>So, I really am trying to see how we can tap into our hearts and our minds and live up to what we say we do. Not support any process that limits us in our work, after being chosen to lead this district by this board." | | |
| 22.    During the two (2) years I have served on the board, at no time has a matter, particularly a "non-routine matter" been placed on the agenda via a Tweet. As noted above, President Lopez and I opposed and protested the illegal agendizing of the illegal Resolution because DEFENDANTS willfully chose to violate the following Board Rule: "Agenda Preparation. The Superintendent shall develop the agenda for each regular and special meeting in accordance with Board policy. Each agenda shall reflect the district's vision and goals and the Board's focus on student learning." Id. DEFENDANTS, in their rush to political opportunity, ignored President Gabriela's admonition and my protest that DEFENDANTS actions were also violating our core purpose as a Board, "Each agenda shall reflect the district's vision and goals and the Board's focus on student learning". | Defendants object to this paragraph on the grounds that it lacks foundation or authentication and is improper argument.  *See* Fed Rules Evid. §§ 602, 701, 901. | Sustained ____<br><br>Denied    ____ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| 23.   The following is the agenda for the March 25, 2021 meeting, reflecting the Resolution to violate my First Amendment Rights, Item B.2. which was placed on the agenda by DEFENDANT MOLIGA'S tweet.<br><br>"A. GENERAL INFORMATION<br><br>1. Notice of Virtual Meeting<br><br>2. ADA Accommodations and Translation Services1. Motion to Suspend the Board Rules and Procedures to Permit Immediate Action on Resolution of No Confidence and Vote to Remove Commissioner Collins From Her Position as Vice-President and Her Membership on Board Committees for The Duration of Her Term<br><br>2. Resolution of No Confidence and Vote to Remove Commissioner Collins From Her Position as Vice-President and Her Membership on Board Committees for The Duration of Her Term<br><br>C. CLOSED SESSION<br><br>1. General Information<br><br>2. Public Employee Discipline/Dismissal Release<br><br>3. Conference with Labor Negotiators<br><br>4. Conference with Legal Counsel - Anticipated Litigation<br><br>5. Conference with Legal Counsel - Existing Litigation<br><br>6. Public Employee Evaluation<br><br>7. Public Employee Appointment | Defendants object to sentence one of this paragraph on the grounds that is improper opinion and argument about whether the Defendants violated Plaintiff's First Amendment rights.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants object to the remainder of this paragraph as lacking in foundation, personal knowledge and/or authentication.  *See* Fed. Rule. Evid. §§ 602, 901. | Sustained ____<br><br>Denied ____ |

| | | |
|---|---|---|
| D. RECONVENE TO PUBLIC SESSION<br><br>1. Closed Session Action Report<br><br>E. ADJOURNMENT" | | |
| 24.     A true and correct of the illegal Board Resolution is attached hereto as Exhibit A and is as follows:<br><br>"SFUSD BOARD RESOLUTION NO. 213-25A1 ASSERTION OF NO-CONFIDENCE"<br><br>"For Adoption on Suspension of the Rules at First Reading<br><br>Subject: Resolution No. 213-25A1 Assertion of No-Confidence - Commissioners Jenny Lam and Faauuga Moliga<br><br>WHEREAS: Elected officials are community leaders, and students and their families look to them for guidance; and<br><br>WHEREAS: The inflammatory statements made by Commissioner Collins towards the Asian American community in 2016 perpetuate gross and harmful stereotypes and leave no room for nuance or potential misunderstanding; and,<br><br>WHEREAS: Our relationship with elected officials must be predicated on mutual respect, and when our elected officials falter, we are faced with the difficult decision of how to hold them accountable; and<br><br>WHEREAS: When the social media comments resurfaced, what mattered most was that she, as a leader and elected official, accept responsibility and atone for the trauma | Defendants object to sentence one of this paragraph on the grounds that it is improper opinion and argument about whether the Resolution at issue was "illegal." *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Resolution No. 213-25A1 speaks for itself. | Sustained ____<br><br>Denied    ____ |

| 1 | inflicted on the community by her words; and | | |
|---|---|---|---|
| 2 | | | |
| 3 | WHEREAS: Although Commissioner Collins has acknowledged that her words may have caused pain, her public statements to-date have fallen short of sincere recognition of the harm she has caused and Vice President Collins does not seem to take meaningful responsibility for her actions. | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | THEREFORE, BE IT RESOLVED: That on behalf of the 54,000 students in the San Francisco Unified School District, the Senior Administrative Staff, the elected officials representing all levels of San Francisco government who have requested that Commissioner Collins resign, the Commissioners of the San Francisco Board of Education have lost confidence in Commissioner Collins and her ability to focus on the pressing needs of the district at this time; and | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | FURTHER BE IT RESOLVED: That should Commissioner Collins not resign, the San Francisco Board of Education moves to remove her from her leadership position as Vice President and from all committees of the San Francisco Board of Education for the duration of her term; and | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | BE IT FURTHER RESOLVED: That the focus of the San Francisco Board of Education is the equitable re-opening of schools for our students, the health and safety of our faculty, staff, administrators, students, and families, and ensuring the financial stability of the district. | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

Case No. 4:21-cv-02272-HSG

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| Special Meeting 3/25/21" | | |
| 25.    The following are my tweets, dated December 4, 2016, two (2) years before my election to the Board on November 6, 2018: | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____<br><br>Denied      ____ |
| 1.    "Hey Twitter! Does anyone know about any news stories highlighting hate speech or bullying of Asian students? Please send them my way."<br><br>This tweet asks if anyone is aware of examples of hate speech or bullying directed at Asian American communities. It is not racist, nor does it perpetuate, as claimed in the Resolution, "gross and harmful stereotypes" about Asian Americans. Indeed, in this tweet I am seeking any news stories about Anti- Asian hate so both Black and Asian Americans can combat racism against our respective communities. | Defendants also object to this paragraph on the additional grounds that it is irrelevant because why Collins made her tweets, or what the meaning or intent of those tweets might be, is irrelevant to the analysis of whether her First Amendment rights were violated or whether she is entitled to a preliminary injunction.  *See* Fed. R. Evid. §§ 401-402.<br><br>Indeed, this paragraph highlights why Collins' request for a preliminary injunction should be denied and Defendants' motion to dismiss granted.  Namely, while Collins as a politician has the ability and right to explain her actions through many avenues such as tweets, press statements, and interviews, presenting these opinions and arguments in a declaration to the Court is improper and inadmissible.  It is not the Court's role to evaluate the meaning and intent of Collins' tweets nor does such alleged meaning have any bearing on the legal issues at play. | |
| 2.    "I'm looking to combat anti-black racism in the Asian community at my daughters' mostly Asian Am school."<br><br>This tweet is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. This tweet was an attempt to call in allies from Asian American communities in support of antiracist work and to reduce hate speech and bullying at my daughters' school. It is, as stated, an attempt to combat anti-Black racism. Fighting anti-Black racism is not Anti-Asian. | | |
| 3.    "Many Asian Ss and Ts I know won't engage in critical race convos unless they see how they are impacted by white supremacy." | | |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

In this tweet, I shared an observation that, in my experience in 2016, as well as my experience attending predominantly Asian American schools, many students and teachers who identify as Asian American did not wish to engage in critical race conversations unless they can see connections to anti-Asian racism and relationships with white supremacy culture. It is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. At no time in 2016, did I receive any negative commentary on my 2016 tweets.

4.      "I grew up in mostly Asian Am schools and know this experience all to well. Many Asian Am. believe they benefit from the "model minority" BS.

In this tweet, I am describing my experience as a mixed-race Black student attending majority Asian American schools. It is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. The fact that I put it in quotes and called it BS clearly shows I do not believe in this stereotype. I am aware that this is a harmful stereotype was created by a European American and perpetuated by sociologist William Peterson, European American, about Asian Americans.

5.      "In fact, many Asian American Ts, Ss, and Ps actively promote these myths. They use white supremacist thinking to assimilate and "get ahead".\

In this tweet, I intentionally used the word "many", not "most" or "all", to share an

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

1   observation that is shared by
    members of Asian American
2   communities. As someone with
    extensive experience working to
3   disrupt racism and stereotyping
    in schools, I described an
4   observation I and others have
    made about the negative
5   impacts of the "model
    minority" stereotype on Asian
6   American community members.
    This tweet is not racist, nor does
7   it perpetuate "gross and harmful
    stereotypes". In fact, in this
8   instance, my tweet seeks to
    dispel this harmful myth.

9
10  6.      "Talk to many
    @thelowell parents and you
11  will hear praise of Tiger Moms
    and disparagement of
12  Black/Brown "culture".

13  In this tweet, I share my
    experience as a parent of
14  listening to Lowell parents
    describing the cultural
15  superiority of Asian American
    families using "Tiger Mom"
16  stereotypes, publicized in Amy
    Chua's book Battle Hymn of
17  the Tiger Mother (2011). This
    tweet is an accurate reflection
18  of the commentary that I
    experienced as a parent in
19  SFUSD Board of Education
    meetings, on parent email
20  groups, in District parent
    meetings and in comments on
21  my blog. It is not racist, nor
    does it perpetuate "gross and
22  harmful stereotypes" about
    Asian Americans. In this tweet,
23  I am also referencing a
    disparagement of Black and
24  Brown culture as a justification
    for excluding Black and Brown
25  children from Gifted and
    Talented Programs such as
26  elementary and middle school
    honors classes, and from
27  enrollment at the prestigious
    Lowell High School.

28

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

7.      "I even see it in my FB timeline with former HS peers. Their TLs [timelines] are full of White and Asian ppl [people]. No recognition #BlackLivesMatter exists."

This tweet is a statement of fact based on my observations and is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. This tweet is an accurate description of the Facebook timelines of my high school peers, many of whom are Asian American, who did not post at all about the killing of Mike Brown during the Ferguson protests. The contrast was very evident as compared to timelines of my Black relatives who live in and around St. Louis, MO. As I mentioned previously, during high school I was tracked into mostly Asian and white "college-going" classes, with few if any Black or Latinx peers. This tweet is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans.

8.      "2 [weeks] ago, my mixed-race/Black daughter heard boys teasing a Latino about "Trump, Mexicans and the KKK." The boys were Asian American."

This tweet is an accurate description of my experience as a parent of twin sixth graders who attended Francisco Middle School in the fall of 2016 after Trump was elected. This tweet is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans.

9.      "She spoke up when none of the other staff did. The

Case No. 4:21-cv-02272-HSG
DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

after school counselor was Asian. :/"

This tweet is a statement of fact shared with me by my daughter when I came to pick her up after school. I immediately confirmed this with the after-school teacher/counselor. The after-school teacher/counselor was Asian American, as were all of the other children in the after school class, aside from my daughter and the Latino boy who were being teased. This tweet is a continuation of the previous tweet. This tweet is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. I watched a news report, confirming through interviews the truth of the content in this tweet. Lyanne Melendez, of ABC7 Bay Area News reported:

"Several sources have confirmed that shortly after Donald Trump won the presidential election in 2016, a group of Asian American students in the after-school program at Francisco Middle School began taunting a Latino student. Alison Collins was a parent and not a member of the school board. Those sources tell us she was outraged, posting the now well-known controversial 2016 tweets."

10.    "My best friend from school says she feels alone in the Chinese community. She feels ostracized when she speaks up against anti-black hate."

In this tweet, I reference conversations I had with my childhood friend, Tula Jeng, who is Chinese American. Over the years, she has described instances where she felt alone in

her community when advocating in support for Black lives. This tweet is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. I posted two posts: "Asian-Americans for Black Lives" , on June 8, 2020, by Tula Jeng who wrote: "During a time when our own community is facing rampant anti-Asian violence, some of us may choose to go insular. In the hopes that if we don't make noise, it will pass over us…I'm calling on, and in, my Asian American folks on here and want to know how can I support those of you who decried anti-Asian violence one day and are silent to anti-Black violence today."

11.     "Where are the vocal Asians speaking up against Trump? Don't Asian Americans know they are on his list as well?"

In this tweet I called on Asian American community members to fight back against Trump's expressed Anti-Black, Anti-Asian, Anti-Mexican, Anti-Muslim and anti-immigrant racism. As my friend, Tula Jeng said in her post, "This complicity and colluding to white supremacy and the settler-colonial state will never protect us. It only makes us more vulnerable." I also published another post "I Am Asian. See Me"  by fellow educator/blogger, Joanna Bradshaw, who wrote: "We cannot allow ourselves to be lulled into complacency and used to perpetuate the status quo. Let's speak up. It's past time to rock the boat." My tweet echoes both Tula and Joanna's call to Asian American community members to take action. It is not racist, nor does

it perpetuate "gross and harmful stereotypes" about Asian Americans.

12.     "Do they think they won't be deported? profiled? beaten? Being a house n****r is still being a n****r. You're still considered "the help."

This tweet is a reference to a speech by Malcolm X titled, "The Race Problem" where he describes this dynamic of the "house slave" and the "field slave" within the Black community. Malcolm X was telling well-off Black people who were not engaged in the fight for civil rights to get involved. He was explaining that although they benefited by white supremacy, they were not immune to the effects of racism. Asian American scholars have also used plantation politics to describe this dynamic in their own community. Mari Matsuda, a UCLA law professor, wrote a piece titled, "We Will Not Be Used" .

This tweet is not racist, nor does it perpetuate "gross and harmful stereotypes" about Asian Americans. It is a call to action for those Asian Americans who lean into the "model minority" stereotype and believe they are better than Black or immigrant Latinx people.

In this tweet I urge Asian Americans who utilize the model minority myth or who are silent in the face of white supremacy to be more vocal in fighting anti-Asian, anti-Mexican, anti-Black and anti-immigrant oppression and racism.

This tweet does not call Asian Americans "house slaves" or the n-word. Rather, it served as

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| a prophetic warning for those in Asian American communities who believe themselves safe from being targeted by white supremacist hate. It says, "You won't be safe, just like house slaves aren't safe." Like Audre Lorde, I am saying, "Your silence will not protect you." | | |
| 26.     Placing the resolution on the agenda, and voting to affirm it, caused the following irreparable injuries: | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____ <br><br> Denied     ____ |
| 27.     Stripping me of my unanimously elected position as Vice President and committee memberships, in violation of my First Amendment Rights of Free Speech, is an irreparable injury. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____ <br><br> Denied     ____ |
| 28.     Denying me due process without adequate notice and opportunity to prepare a meaningful response to the Resolution is an irreparable injury. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____ <br><br> Denied     ____ |
| 29.     Invading my Constitutional right of Privacy under both the California Constitution of Article 1, Section 1, and the Fourth Amendment of the United States Constitution by publicizing a matter of employment relations is an irreparable injury. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained ____ <br><br> Denied     ____ |
| 30.     The Board Rule and Procedure 9121.1 states: "Vice President. This Rule and Procedure applies to the San Francisco Unified School District and the County Office of Education. In addition to performing the duties of the Board of Education's President in the President's absence, and assuming the office of the President in the event the | Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____ <br><br> Denied     ____ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| president leaves office before his/her term is expired, pursuant to Board Rules and Procedures 9121, the Vice President shall also preside at all meetings of the Committee of the Whole, Closed Session and at other meetings as designated by the President in accordance with Board rules." I can no longer serve in any capacity as outlined in Board Rule and Procedure 9121.1.Id. | | |
| 31.     I am no longer able to participate in joint SF City and SF Board of Education meetings as the Board's representative. This includes serving on the SF Board of Supervisors RISE Task Force to which I was told by the President I would be assigned to serve. This important city task force plans to define a city district partnership to support philanthropic investment in public education and the community schools' model being led by our district. This is work I have been shepherding since before I was on the Board. I am now effectively being removed from a body whose work I am pivotal in advancing. | Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to serve on Board committees and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained _____<br><br>Denied     _____ |
| 32.     I can no longer participate in reviewing the Board agenda (Board Rule 9322) with the Superintendent, Deputy Superintendents and Board President each. Determining items for the agenda helps drive policy discussions. What we discuss in board meetings determines district priorities. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues | Sustained _____<br><br>Denied     _____ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| | currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | |
| 33.    The position of Vice President is a valuable platform for anyone on the Board and is a step towards becoming President. Being Vice President had put me in line to become President of the Board next year during the last year of my term in office. It is a common practice to elevate the Board Vice President to President the following year. Boards members also traditionally share leadership among members. Despite a record of achievement in my role as vice president, the Board's action now means it is extremely unlikely I will be President of the Board during my term of office. Not so coincidentally, DEFENDANT LAM nominated DEFENDANT MOLIGA to be vice president in my stead. DEFENDANTS LAM and MOLIGA drafted the resolution to remove me and have positioned themselves to be next in line. This blatant power grab indicates they understand the real and perceived value of the office. They conspired to use my tweets prior to being in office to spread malicious lies about my character in order to advance politically. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.  Defendants also object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____  Denied ____ |
| 34.    Being Vice President has allowed me to speak as the president's representative. The President and Vice President are the Board's representatives. I am no longer allowed to carry the Board President's voice. (Board Rule 9121.1) | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.  Defendants also object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request | Sustained ____  Denied ____ |

| | | |
|---|---|---|
| | for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | |
| 35.　The role of President and Vice President are highly visible and impactful. The visibility that comes from these positions has been taken from me and diminishes my contributions and instead shifts my accomplishments to others on the board. This causes real harm while I remain in office and negatively impacts my future opportunities. | Defendants object to this paragraph on the grounds that it lacks foundation, is irrelevant and is improper opinion and argument. *See* Fed. R. Evid. §§ 401-402, 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ＿＿＿<br><br>Denied　＿＿＿ |
| 36.　SFUSD and County Office of Education Rule and Procedure 9121.1, the Vice President "shall also preside at all meetings of the Committee of the Whole, Closed Session and at other meetings as designated by the President in accordance with Board rules." I am no longer able to chair these meetings or participate in setting the agenda of these meetings. This impacts my ability to set priorities for which topics will be considered for Board action or discussion. | Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ＿＿＿<br><br>Denied　＿＿＿ |
| 37.　The fact is that the individual who took my Vice President role has a history of undermining female Commissioners leadership (including the Board President). By assuming more authority as Vice President, this same commissioner, DEFENDANT MOLIGA, will cause more harm to me personally due to what appears to be some | Defendants object to this paragraph on the grounds that it lacks foundation and is improper opinion and argument. *See* Fed. R. Evid. §§ 602, 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or | Sustained ＿＿＿<br><br>Denied　＿＿＿ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| inherent bias against women in positions of authority. | exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | |
| 38.     Being the Vice President put me in a position to better support the President. President Lopez and I ran for office together and supported one another on the Board. We were aligned in supporting racial justice in our district. We are both seasoned credentialed educators who understand educational pedagogy. We are also strong voices for Black and Brown families in our district and for site-based educators. Many of our voters voted for us as a team. Now that DEFENDANT MOLIGA has usurped the Vice Presidency, President Lopez is less supported. DEFENDANT MOLIGA has repeatedly undermined her leadership. President Lopez was the second highest vote getter during our election. Our shared constituents will be harmed by a Vice President who works against her while she is in office. | Defendants object to this paragraph on the grounds that it lacks foundation, is irrelevant and is improper opinion and argument. *See* Fed. R. Evid. §§ 401-402, 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied      ____ |
| 39.     As a Black mother and educator, my leadership means representation for constituents who seldom have a seat at the table. Removing me from Board Leadership means removing my important voice from spaces that do not often welcome communities of color and Black women's perspectives. | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim | Sustained ____<br><br>Denied      ____ |

| | | |
|---|---|---|
| | or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | |
| 40.       Removing me from committees means I do not have a voice in approving or informing votes on the committees to which I was assigned: Policy, Ad Hoc Student Assignment, and Building and Grounds. As the only Black SFUSD parent who has children currently enrolled in the district, the voice I bring to enrollment discussions is extremely important when considering the district's charge to decrease racial segregation in our schools. I have also been championing ventilation and air filtration in school classrooms and my voice will now be muted in discussion of this topic at committee meetings. Additionally, all constituents are harmed because the committees on which I served now only have two, rather than three members to inform district decision making. | Defendants object to this paragraph on the grounds that it is improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to serve on Board committees and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |
| 41.       The President and I worked together to determine committee assignments to ensure Board Leadership (both President and Vice President) could be informed about all actions taken in the Board's various committees. Her leadership has been circumvented because now that structure is no longer in place. She will be less informed as a result, and our constituents will likewise be harmed. | Defendants object to this paragraph on the grounds that it is improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |

Case No. 4:21-cv-02272-HSG

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| 42.      Harm to my constituents is reflected in a parent's statement to the Board protesting the Resolution. District parent leader Rionda Batiste, a Black parent leader on the African American Parent Advisory council gave testimony at the March 25, 2021 meeting stating:<br><br>"Today I'm deeply saddened by the actions of this board. I was filled with hope when the board spoke up in support of Black lives. I honestly felt that for once, Black lives really mattered to SFUSD. However, I am reminded once again to Black lives do not matter. I heard specifically a calling out that the Black population is only 13%. So does that mean that our 13% no longer matters? I'm also reminded, that despite the statement to the opposite, that restorative practices mean nothing to SFUSD. Removing Alison from her position as VP and from her committees will only negate all the hard work that Alison has done and continues to do for all of our babies. Despite the fact that Black students and our families within this district make up a small number, we do matter." | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because Collins brings claims for her First Amendment rights not the alleged rights of her constituents.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied    ____ |
| 43.      Constituents were further harmed because of the rushed nature of the introduction of the Resolution. They had only two days to learn about it and provide input to the Board. As it states in Board Rules and Procedures 9322: "A Board member or member of the public may request that a matter within the jurisdiction of the Board be placed on the agenda of a regular meeting. The request shall be in writing and be submitted to the Superintendent or designee with supporting documents and | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because Collins brings claims for her First Amendment rights not the alleged rights of her constituents.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied    ____ |

Case No. 4:21-cv-02272-HSG

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| information, if any, at least seven days before the scheduled meeting date. Items submitted less than seven days before the scheduled meeting date may be postponed to a later meeting in order to allow sufficient time for consideration and research of the issue." | | |
| 44.    In accordance with Board Rules and Procedures 9121, "In addition to performing the duties of the Board of Education's President in the President's absence, and assuming the office of the President in the event the president leaves office before his/her term is expired, pursuant to Board Rules and Procedures 9121, the Vice President shall also preside at all meetings of the Committee of the Whole, Closed Session and at other meetings as designated by the President in accordance with Board rules." | Defendants object to this paragraph on the grounds that it is irrelevant because Collins has no entitlement or legal right to hold the position of vice president or exercise the duties that come with this position and her statements in this paragraph do not support a First Amendment claim or request for a preliminary injunction which are the only relevant issues currently pending before the Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |
| 45.    Placing the resolution on the agenda and voting to affirm it, put my character on the Board agenda and positioned me as not only a racist but someone who is responsible for the Anti-Asian hate speech and violence we see across the nation. The following impacts have occurred as a result:<br><br>a.    Toxic workplace environment — In every meeting since March 23rd, DEFENDANTS have sanctioned and invited direct harassment and slander of my character. This verbal abuse has never been tolerated on the Board of Education since the ten years I have been attending meetings as a private citizen. Before public comment at every meeting, staff regularly remind the public to "refrain from naming employees or | Defendants object to this paragraph on the grounds that it is irrelevant to the federal claims before this Court.  *See* Fed. R. Evid §§ 401-402.  Many of these asserted political toxic issues are not connected to Plaintiff's prior tweets or Resolution No. 213-25A1 but instead are based on Collins advocating for changes in enrollment eligibility for Lowell High School which has no relevance to the First Amendment issue before this Court.<br><br>Further, plaintiffs arguments about toxic workplace environment, damage to professional relationships, social ostracizing and exclusion, slandering of professional reputation, destruction of political future, damage to professional opportunities, physical risk, and perpetuating existing attack of hate speech, while they may be hurtful consequences of | Sustained ____<br><br>Denied ____ |

community members by name." This practice was flagrantly violated when we spent two separate meetings during public comment listening to the public shame me. DEFENDANTS MOLIGA and LAM even criticized President Lopez for not increasing the allotted time for this verbal abuse, which included threats like this one which was included in the ABC7 News :

"Regardless of whether you choose to do the right thing and resign or not, you will pay the ultimate price and that's the loss of your dignity and your reputation. For the rest of your life you will be haunted by your actions, wherever you go people will see you for what you really are - a racist," said a resident."

b.      Damage to professional relationships —
DEFENDANTS' actions have made it uncomfortable for staff to interact and communicate with me. Projects I was working on, like the Lowell Resolution, or Equity Studies Resolution, which I had worked on with other Commissioners, are moving forward with difficulty. I am now barred from participating in projects involving official participation in joint committees or task forces that I had initiated in my role as Vice President and representative of the Board, such as Community Schools work.

c.      Social ostracization and exclusion — By stating that I am perpetuating "gross and harmful stereotypes" DEFENDANTS officially labeled me a racist. This is an irreparable injury to my reputation as a Board member, as a community leader, and as a

Plaintiffs' political speech, they are not legal injury caused by Defendants.  Nor do these statements support any First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court.  *See* Fed. R. Evid. §§ 401-402.

This paragraph and its numerous subparts also is replete with improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.

member of a political and social
network that opposes racism.
My social network is full of
people who engage in education
and local politics.
DEFENDANTS labeling me a
racist in the Resolution is an
irreparable injury.

d.       Slandering my
professional reputation —
DEFENDANTS' Resolution
caused me irreparable injury by
generating worldwide news and
media reports, from the US to
UK and Australia, slandering
me as a racist. DEFENDANTS'
slanderous Resolution is also
reflected in Wikipedia which
repeats these false narratives.

e.       Destruction of my
political future — In affirming
the Resolution, DEFENDANTS
have ratified lies about me and
have diminished my ability to
run for subsequent office on the
Board or any other office or
commission. This is an
irreparable injury.

f.       Damage to professional
opportunities — Even if I do
not choose to run for future
office, Google searches will
now pull up a multitude of
negative articles referencing the
vote which falsely affirms that I
am a racist. I have worked over
20 years in public education as
an advocate for social justice
and educational access. This
false label strikes at the heart of
what is most important to me in
all my work—eradicating
racism in public education. This
is an irreparable injury. I have
worked as an education
consultant leading anti-racism
work, coached hundreds of
education leaders and
successfully organized
community members to eradicte
racist policies and procedures.
Now my resume is tarnished

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

1   and undermined. There is no
    way to ever repair the harm this
2   has caused and it will
    continually be something I will
3   have to be prepared to respond
    to in future endeavors. This is
4   an irreparable injury.

5       g.      Physical risk to me and
    my children - Several weeks
6   ago, I was in the neighborhood
    market shopping for food for
7   my family. As I was leaving the
    store, a stranger asked me if I
8   was Alison Collins. I said,
    "Yes", to which he responded
9   aggressively, "Fuck you!" to me
    in front of my teenage daughter.
10  This experience, as well as the
    appearance of several
11  individuals including a man
    outside my door carrying a sign
12  that says "Resign" (last fall
    after our board unanimously
13  voted to temporarily suspend
    selective enrollment due to lack
14  of standardized test scores) have
    made me worry about my own
15  safety and the safety of my
    children and husband whether
16  we are home or out in public.
    This is an irreparable injury.
17
    Following the Resolution, my
18  fear for my children's and
    family's safety has increased.
19  Even my children's teachers
    have reached out to me and
20  expressed interest in supporting
    my girls' physical and
21  emotional well-being. This is an
    irreparable injury.
22
        h.      The Resolution caused
23  irreparable injury to me by
    perpetuating an existing attack
24  on President Lopez and me
    because of our advocacy for
25  equity in education, specifically
    at Lowell High School. Last fall
26  President Lopez and I were
    targeted by hate speech. Ida
27  Mojadad of the Examiner wrote
    an article titled: "Angered by
28  Lowell decision, SFUSD grad

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| targets school board members with violent imagery — Facebook page depicts two women of color on board with swastikas and x-marks on their faces": | | |
| "Two school board members, both women of color, have been targeted in a Facebook page launched Friday with loaded imagery of swastikas, bloodied gloves, and photos ablaze. | | |
| The page, dubbed "No2racebaiting," features photos of school board members Gabriela Lopez and Alison Collins with swastikas photoshopped on their foreheads and red x-marks across their faces with the text "NO TO NAZISM IN SFUSD." | | |
| The page was launched after the Board of Education unanimously voted Tuesday to temporarily end the merit-based admissions process for Lowell High School due to coronavirus. At that meeting, Collins and Lopez were vocal in their support for consideration of permanently ending the selective process. The discussion opened up a larger, often ugly conversation about race in schools." | | |
| This was one of the images that was burned in a video on the Facebook site: | | |
| 46.     Cyber bullying — The following tweets are but a few of the myriad of hostile bullying that has caused irreparable injury to me based on the false narrative that I am a racist as reflected in DEFENDANTS' Resolution:<br><br>Meesh @1bigfuzzydunlop·Mar 31 Tweeted: "Racist Alison Collins has decided to sue | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because arguments about cyber bullying by third parties, while they may be hurtful consequences of Plaintiff's political | Sustained ____<br><br>Denied ____ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | |
|---|---|
| 1  SFUSD over "the reaction" to her nasty racist tweets. Truly 2  unbelievable @AliMCollins"<br><br>3  Gabe Donohoe @gabe_donohoe<br>4 <br>5  Susan Dyer Reynolds @SusanDReynolds·Mar 27 As 6  Brandon Harami defends Alison Collins after her racist tweets 7  aimed at the API community ("I just think she needs to do a 8  bigger apology") the hypocrisy is palpable..."Wow!  Alison 9  Collins the racist against AAPI folks who won't resign.  She apparently is also dragging the 10  SF NAACP down with her. This woman needs to go away." 11  8:19 PM · Mar 31, 2021·Twitter for iPhone 12 <br>13  Tony Bravo @TonyBravoSF ·Mar 25 Breaking news from the indefatigable @jilltucker 14  San Francisco school board members, in a vote of no 15  confidence, stripped their colleague Alison Collins of her 16  role as vice president over racist tweets against Asian 17  Americans.<br><br>18  Mason @webdevMason·Mar 31Replying to @webdevMason 19  The complaint is essentially arguing that Alison Collins had 20  a constitutionally-protected right to tweet racial slurs 21  without (nonmonetary) impact to her employment, but that her 22  fellow board members should have to compensate her for 23  merely allowing the public to comment on them 24 <br>25  Mason @webdevMason·Mar 31I think Alison Collins might 26  genuinely believe that it's illegal to call her a racist | speech, they are not legal injury caused by Defendants  *See* Fed. R. Evid. §§ 401-402. |
| 27 | |
| 28 | |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| 51.    Arts Equity Resolution (Lead author) - unanimous approval. When my daughter was in fourth grade and showed her that the district arts department was excluding low income and immigrant students from arts education by requiring families to rent instruments, and violating state law, I did something about it. When I got on the Board of Education, President Gabriela López and I wrote the Arts Equity Resolution, which made SFUSD and "Arts Equity District" and directed district staff to design a plan to provide access to quality arts instruction for all children. | Defendants object to this paragraph on the grounds that it is irrelevant . *See* Fed. R. Evid. §§ 401-402.<br><br>Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br><br>Denied ____ |
| 52.    Native American/Native Alaskan Resolution (Co-author) - unanimous approval. In this resolution, the San Francisco Board of Education formally apologized to Native American families for the pain and trauma caused by racist imagery, textbooks and mascots in our schools; and consistent erasure of American Indian and Indigenous students by omission in data collection and demographics and remove stereotypes and misinformation about American Indian, Alaskan Native and all Indigenous people from school walls, celebrations and textbooks, including the current United States History textbooks. | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br><br>Denied ____ |
| 53.    Equity Studies Resolution (Lead author) - unanimous approval. The Equity Studies resolution calls for decolonizing instruction Pre-K through 12th grade by teaching about historically underrepresented communities and cultures, and removing oppressive curriculum, books, activities, school celebrations and other school practices. For | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the | Sustained ____<br><br>Denied ____ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| the first time, this resolution calls for mandatory professional development for staff district-wide on implicit bias and racism and establishes a permanent district Equity Studies Team to identify most effective practices to address the issues of race/ethnicity, language, culture, gender identity, expression, and sexual orientation, ability, and underserved populations as they impact instruction in the classroom. It also establishes a partnership with the Human Rights Commission to facilitate an Equity Studies Community Taskforce to make recommendations on how the District is accountable to the community. | only issues currently pending before this Court. | |
| 54.    SFUSD's Expanded Early College Interns program for high school and transitional age youth- Resolution (Lead contributor). This policy directs $2.7 Million to SFUSD's Expanded Early College Interns program to provide summer opportunities for high school and transitional age youth. | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br><br>Denied    ____ |
| 55.    SFUSD Data Access, Inclusion, and Partnership to Enhance Student Success Resolution (Co-author) - unanimous approval.  In an effort to better reflect the diversity of the San Francisco Unified School District (SFUSD) and capture the true identities of the student population, this resolution revises its data collection systems to maintain more specific racial/ethnic, national origin, language and gender specific data, including increased visibility for Vietnamese, Arab, Native | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br><br>Denied    ____ |

| | | |
|---|---|---|
| American students and multi-racial students. | | |
| 56.      In Response to Ongoing, Pervasive Systemic Racism at Lowell High School Resolution (Lead author) – 5-2 approval. The resolution calls on the SF Board of Education to initiate a Memorandum of Understanding (MOU) process with the Education and Civil Rights Initiative (CRI) of the University of Kentucky College of Education, Lexington KY, in collaboration with the SF NAACP, California NAACP and National NAACP to facilitate an equity audit and resulting action plan to "address the exclusion and ongoing toxic racist abuse that students of color, and specifically Black students, have experienced at Lowell High School. | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br><br>Denied    ____ |
| 57.      In Support of Black Lives in SFUSD and the Abolition of Armed Law Enforcement in Schools (Lead author) – unanimous approval. The resolution declares schools a sanctuary space from law enforcement so that we can continue to create safe, healthy, and equitable schools for all SFUSD students. I directs the district to clarify safety policies and requests increased investment from the City of San Francisco for Community Schools and violence prevention and youth development. | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br><br>Denied    ____ |
| 58.      Our Healing in Our Hands SFUSD Resolution: Creating Schools as Spaces of Student-Driven Healing, Transformation, and Growth (Co-author) – unanimous approval. This resolution seeks to increase funding to support preventative wellness services for students. It also creates a | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board | Sustained ____<br><br>Denied    ____ |

| | | |
|---|---|---|
| role for immigrant, Black, Asian, Latinx and Arab youth as leaders and decision makers. In doing so, it provides opportunities for youth of color to take collective action in creating for wellness and healing in their school communities. | leadership positions which are the only issues currently pending before this Court. | |
| 59.     Resolution 204-14A1, To Establish Policies and Procedures for the San Francisco Unified School District to Provide Trauma-Informed, Coordinated Care that Promotes Resilience and Healing During and After the COVID-19 Pandemic (Co-author) – unanimous approval. This resolution adopts a coordination of care plan designed with an equity lens and cultural humility, implementing a school community needs assessment to assess needs of students, families and educators and provide organizational support for all educators and staff and administrators around burnout and secondary traumatic stress. | Defendants object to this paragraph on the grounds that it is irrelevant. *See* Fed. R. Evid. §§ 401-402.Statements about resolutions Plaintiff has authored or supported are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. | Sustained ____<br>Denied     ____ |
| 60.     Despite what I tweeted, the idea that there is "no room for nuance or potential misunderstanding" for others who read my tweet is easily disproved when you review the response my tweets garnered from the larger community. Initially, when I posted my tweets, there was no negative response. I think I may have only received one comment. When I ran for office, there was no outcry about them. My tweets only became controversial after they were misinterpreted and shared within the context of recent anti-Asian violence and within the context of people suing SFUSD with the rationale that removing selective enrollment | Defendants object to this paragraph on the grounds that it is improper opinion and argument.  *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because statements about support from the Asian American communities are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br>Denied     ____ |

| | | |
|---|---|---|
| from Lowell High School is anti-Asian. | | |
| 61.     Despite the controversy, I have received widespread support from Black, Latinx, and many Asian American parents and community members, including social media influencers and social commentators. Nick Cho and Ranier Maningding have vociferously spoken on my behalf as well, stating that not only are my tweets not racist but elevate a truth that needs to be discussed in the Asian American and larger community. | Defendants object to this paragraph on the grounds that it is irrelevant because statements about support from the Asian American communities are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied    ____ |
| 62.     Some examples of support were captured in an ABC7 News video "Asian supporters come to defense of SF school board member; woman who found offensive tweets talks to ABC" which interviewed members of the Asian American Lowell alumni:<br><br>"Those messages were not racist," said Lowell High School alum Vivian Tong, "I think they could have been worded more tactfully, but she was in such a position of pain. A lot of us in the Asian community don't speak up enough.<br><br>Tong graduated from Lowell High School in 2012 and said she saw racial discrimination at the       school directed towards Black and Brown students. There have been rallies in the past addressing this issue.<br><br>Tong and ABC7 News anchor Jobina Fortson talked on Zoom with several other supporters of Collins who said she wasn't offered restorative justice. Ina Dang is a Lowell Alum and put | Defendants object to this paragraph on the grounds that it is irrelevant because statements about support from the Asian American communities are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court.  *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied    ____ |

41

| | | |
|---|---|---|
| her four children through SFUSD schools.<br><br>"There were several times where I was so frustrated because race relations were not addressed that I could understand and I actually identified- her tweets actually resonated with me," Dang said.<br><br>"Just the screenshots," Dang continued. "It's really...is actually taking advantage of the pain of Asian Americans right now and using it as a tool to get what they want."" | | |
| 63.    Nick Cho is a SFUSD parent and social media influencer with over 2 Million followers on TikTok and 62,000 followers on Twitter. As soon as news broke, he immediately started tweeting his support and his analysis of the smear campaign being elevated by Jill Tucker's article about my tweets. Over the two weeks he tweeted in support of me. | Defendants object to this paragraph on the grounds that it is improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because statements about support from the Asian American communities and /or the digital commentary that may be at play are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |
| 64.    On March 19, 2019 Nick Cho tweeted:<br><br>"I'm FURIOUS about this. A group of white parents trying to recall WOC @lopez4schools & @AliMCollins dug up tweets by Collins about anti-Black racism by Asian Americans and are adding it to their smears. HOW MANY TIMES WILL WE TELL WHITE PEOPLE THAT ASIANS ARE NOT YOUR WEDGE!!!" [This tweet was a Quote Retweet containing | Defendants object to this paragraph on the grounds that it is improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5.<br><br>Defendants also object to this paragraph on the grounds that it is irrelevant because statements about support from the Asian American communities are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board | Sustained ____<br><br>Denied ____ |

| | |
|---|---|
| a post by Jill Tucker which read: "The Lowell HS Black Student Union has removed Alison Collins from a Women in Leadership panel tonight. "The Lowell Black Student Union stands with the Asian community and condemns all acts of anti-Asian hate." San Francisco school board member criticized for racist tweets in 2016 aimed at Asian Americans] "Do you people actually think that you can weaponize the current anti-Asian crisis against a Black VP of the SFUSD? This is beyond disgusting. @AliMCollins has a consistent record of supporting Asian families along with all SF students. Her 2016 tweets are legit and true." | leadership positions which are the only issues currently pending before this Court. *See* Fed. R. Evid. §§ 401-402. |

"How DARE THESE PEOPLE THINK THEY CAN DO THIS! How dare @recallSFBOE with a consistent white supremacist message and mission try to smear @AliMCollins with this? @jennyhlam do not fall for this white supremacist trap."

"I'm absolutely disgusted. To do this this week, TO HAVE THE GALL TO TRY TO USE ASIAN AMERICANS AS A WEDGE THIS WEEK AGAINST ALISON COLLINS? THIS WHITE SUPREMACIST SAN FRANCISCO FOOLISHNESS HAS GONE TOO FAR."

"The tweets in question are difficult to read but they express absolutely legitimate and true issues within the Asian American community. Anti-Black racism in the APA community is a real issue. @RecallSFBOE you will not get away with this."

My story was also picked up by another Asian American social

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

media influencer and social commentator focused on uplifting topics of "race, politics, and culture". Rainier Maningding is the creator of Love Life of an Asian Guy (LLAG for short) with over 250K followers, who hosts a regular Facebook livestream called Office Hours. On March 29, 2021, he chose to devote an entire two-hour episode in support of me: What I Learned From The Alison Collins Story | Office Hours #11 In it he reviewed my tweets and clarified that not only were they not racist, they were articulating important truths.

"So let me first just talk about these tweets just breaking down some really quick things. One, a lot of people misinterpreted her tweets as saying that like, "Oh my gosh, you know Asians are the model minority and you guys don't experience racism!" But really what she was talking about was that you know, unfortunately, there are a lot of Asian people who buy into the myth of the model minority stereotype. And you can usually tell when someone is invoking the model minority stereotype in a transparent, not positive but truthful way, versus a dishonest more racist way, based on whether or not they include the word "myth" or some sort of word qualifying that the term model minority is sort of this, a misunderstood term. And she specifically said that it is a myth, and that it is bullshit, so I recognize that she is calling upon the fact that Asian people will try to look at the model minority stereotype thinking, "Wow I can sort of elevate my status in society by acting this way, or aligning myself with these values, or trying to be chummy with white

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

| | | |
|---|---|---|
| conservatives." That is a real thing. …<br><br>And lastly, in reference to these series of tweets. People thought that like Alison was calling Asian people a slur. Like, there's so many people who seriously think that that last tweet is indicative of Allison calling Asian people the n-word. Not realizing that she's actually talking about the way Asian people dismiss racism because they think things like merit, and hard work, and accolades will elevate themselves to a level in society where they can actually avoid racism, or racism is no longer a factor because, "Well, I'm smart. I'm successful. I'm rich. I've done everything right. You guys experienced racism because you are the ones who are race-baiting. I don't deal with racism 'cause I'm a hard worker!" Like, that is what she's talking about. And again it's like it is a common theme in so many of the Asian people talking about what she said, and again, they're not really engaging in sort of the larger issues that are surrounding this thing." | | |
| 65.     I and my husband have supported the following San Francisco non-profit and community-based and professional organizations:<br><br>● Hamilton Families<br><br>● Compass Family Center<br><br>● Horizons<br><br>● SF Recreation and Parks<br><br>● Equality CA | Defendants object to this paragraph on the grounds that it is irrelevant because statements about how Plaintiff and her husband invest in the community are not relevant to her First Amendment claim against Defendants or the issuance of a preliminary injunction to restore Plaintiff to her internal Board leadership positions which are the only issues currently pending before this Court. *See* Fed. R. Evid. §§ 401-402. | Sustained ____<br><br>Denied ____ |

| | | |
|---|---|---|
| •     Teachers for Social Justice<br><br>•     Coleman Advocates<br><br>•     SF Alliance of Black School Educators<br><br>•     CCDC - Chinatown Community Development Center<br><br>•     CYC - Community Youth Center<br><br>•     CBRP - Committee for Better Rec & Park<br><br>•     Brightline Defense<br><br>•     United Playaz<br><br>•     Local 2<br><br>•     San Francisco Building & Construction Trades<br><br>•     TelHi Neighborhood Center<br><br>•     Jean Parker School<br><br>•     Helen Wills Park<br><br>•     Broadway Streetscape<br><br>•     SF Public Library | | |
| 66.     I request that the court restore me to my vice presidency and to my committees. It is the only way to remedy this immediate and continuing irreparable injury to my reputation, my standing in the community, and to my constituents. | Defendants object to this paragraph on the grounds that it is improper opinion and argument. *See* Fed. R. Evid. § 701; *see also* N. Dist. Local Rule 7-5. | Sustained  ____<br><br>Denied     ____ |

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS

1   DATED:  June 18, 2021                    MEYERS NAVE

2

3
                                            By:        /s/ Deborah J. Fox
4                                                  DEBORAH J. FOX
                                                   Attorneys for Defendants
5                                                  SAN FRANCISCO UNIFIED SCHOOL
6                                                  DISTRICT; COMMISSIONER JENNY LAM;
                                                   COMMISSIONER FAAUUGA MOLIGA;
7                                                  COMMISSIONER MATT ALEXANDER;
                                                   COMMISSIONER KEVINE BOGGESS; and
8                                                  COMMISSIONER MARK SANCHEZ

9

10
    3784532
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS TO DECLARATION OF ALISON COLLINS