Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Camille Hamilton Pating (SBN: 122890)
cpating@meyersnave.com
Margaret W. Rosequist (SBN: 203790)
mrosequist@meyersnave.com
Yujin Chun (SBN: 306298)
ychun@meyersnave.com
MEYERS NAVE
1999 Harrison Street, 9th Floor
Oakland, California 94612
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
SAN FRANCISCO UNIFIED SCHOOL
DISTRICT; COMMISSIONER JENNY
LAM; COMMISSIONER FAAUUGA
MOLIGA; COMMISSIONER MATT
ALEXANDER; COMMISSIONER KEVINE
BOGGESS; and COMMISSIONER MARK
SANCHEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALISON COLLINS,<br><br>        Plaintiff,<br><br>        v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, CITY AND COUNTY OF SAN FRANCISCO; SCHOOL BOARD COMMISSIONERS JENNY LAM, IN HER INDIVIDUAL CAPACITY; FAAUUGA MOLIGA IN HIS INDIVIDUAL CAPACITY; MATT ALEXANDER IN HIS INDIVIDUAL CAPACITY; KEVIN BOGGESS IN HIS INDIVIDUAL CAPACITY; AND MARK SANCHEZ IN HIS INDIVIDUAL CAPACITY AND DOES 1-50, INCLUSIVE,<br><br>        Defendants. | Case No. 4:21-cv-02272-HSG<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:     August 19, 2021<br>Time:    2:00 p.m.<br>Crtrm.:  2, 4th Floor<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed:  March 31, 2021<br>Trial Date:      None Set |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

      A.    Eleventh Amendment Immunity Is A Bar To Plaintiff's Claims. ................... 2

      B.    Qualified Immunity Also Bars Plaintiff's Claims. .......................................... 3

      C.    Plaintiff Fails To State Any Viable Federal Cause Of Action. ....................... 4

            1.    First Amendment Retaliation Claim (First Cause Of Action). ............ 4

            2.    Due Process Claims (Second and Third Causes Of Action). .............. 8

      D.    Plaintiff Fails To State A Cause Of Action Under State Law (Fourth,
            Fifth, Sixth And Seventh Causes Of Action). ............................................... 10

      E.    Plaintiff's Punitive Damages Claim Must Also Be Dismissed. .................... 11

III.  CONCLUSION .................................................................................................. 12

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Federal Cases**

4
5

*Belanger v. Madera Unified Sch. Dist.*,
    963 F.2d 248 (9th Cir. 1992) ................................................................................. 1

6
7

*Blair v. Bethel Sch. Dist.*,
    608 F.3d 540 (9th Cir. 2010) ........................................................................*passim*

8

*Bond v. Floyd*,
    385 U.S. 116 (1966) ................................................................................... 3, 5

9

10

*Camacho v. Brandon*,
    317 F.3d 153. (2nd Cir. 2003) ................................................................................ 6

11
12

*Carmen v. San Francisco Unified Sch. Dist.*,
    982 F.Supp. 1396 (N.D. Cal. 1997) ............................................................... 2

13
14

*Cerrato v. San Francisco Cmty. Coll. Dist.*,
    26 F.3d 968 (9th Cir. 1994) ................................................................................. 2

15

*Cmty. House, Inc. v. City of Boise, Idaho*,
    623 F.3d 945 (9th Cir. 2010) ................................................................................. 3

16
17

*Cox v. Roskelley*,
    359 F.3d 1105 (9th Cir. 2004) ............................................................................... 9

18
19

*Doe v. Regents of the University of California*,
    891 F.3d 1147 (9th Cir. 2018) ............................................................................... 2

20
21

*Edelman v. Jordan*,
    415 U.S. 651 (1974) ............................................................................................. 3

22

*Exxon Shipping Co. v. Baker*,
    554 U.S. 471 (2008) ........................................................................................... 11

23
24

*Garcetti v. Ceballos*,
    547 U.S. 410 (2006) ............................................................................................. 6

25
26

*Gunderson v. Hvass*,
    339 F.3d 639 (8th Cir. 2003) ................................................................................. 9

27
28

*Hensley v. City of Port Hueneme*,
    2019 WL 3035057 (C.D. Cal. 2019) .................................................................. 4, 5

*Hunter v. Bryant,*
    502 U.S. 224 (1991) (per curiam) ...................................................................... 3

*Krainski v. Nevada ex rel. Bd. of Regents,*
    616 F.3d 963 (9th Cir. 2010) ........................................................................ 1, 9

*Paul v. Davis,*
    424 U.S. 693 (1976) ........................................................................................ 9

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ................................................................................. 1, 2, 3

*Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Trs.,*
    235 F.3d 1243 (10th Cir. 2000) ...................................................................... 4, 5

*S. Pac. Transp. Co. v. City of Los Angeles,*
    922 F.2d 498 (9th Cir. 1990) ............................................................................ 2

*Werkheiser v. Pocono,*
    780 F.3d 172 (3rd Cir. 2015) ......................................................................... 4, 7

*Westfall v. City of Crescent City,*
    2011 WL 2110306 (N.D. Cal. May 26, 2011) *(Westfall I)* ..................................... 9, 10

*Westfall v. City of Crescent City,*
    2011 WL 4024663 (N.D. Cal. Sept. 9, 2011) *(Westfall II)* ............................... 1, 9, 10

*Wilson v. Houston Cmty. Coll. Sys.,*
    955 F.3d 490 (5th Cir. 2020) ............................................................................ 6

*Zilich v. Longo,*
    34 F.3d 359 (6th Cir. 1994) ........................................................................... 4, 5

**State Cases**

*Cayley v. Nunn,*
    190 Cal. App. 3d 300 (1987) ......................................................................... 10

*Kirchmann v. Lake Elsinore Unified Sch. Dist.,*
    83 Cal. App. 4th 1098 (2000) .......................................................................... 2

**State Statutes**

Cal. Civil Code § 47 ............................................................................................ 10

Cal. Gov't Code § 3540.1(j) ............................................................................. 8, 10

Cal. Gov't Code § 54960.1(b) ............................................................................ 10

1

Cal. Labor Code § 3351 ................................................................................................. 11

2

Cal. Unemp. Ins. § 1279 ............................................................................................... 11

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

# I.     INTRODUCTION

Plaintiff Boardmember Collins has an apparent political grievance and dispute with the School District and five of her colleague Boardmembers whom she chose to name as Defendants in this matter.   Collins' lawsuit is based on her loss of internal leadership positions on the School Board triggered by the resurfacing of prior tweets she made about Asian Americans and the companion political backlash, which resulted in Defendants' decision to pass a resolution removing her from internal Board leadership positions, occasioned by her 2021 response to Collins' inopportune 2016 tweets.   She does not, however, have any viable legal cause of action as against any of these Defendants and her Complaint should be dismissed in full without leave to amend.

First,  Plaintiff's claims in this case are barred by Eleventh Amendment immunity and qualified immunity.  *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03, 106 (1984).  Further, the alleged actions of the Defendants also fail to state any viable federal or state law claim as a matter of law.   The Ninth Circuit has made clear, when elected officials experience the hardball political consequences of their speech resulting in the loss of internal leadership positions, such does not form the basis for a First Amendment retaliation claim. *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540 (9th Cir. 2010).  Plaintiff retains all the authority of her elected office which includes engaging in rigorous public debate, and taking official action on any and all items that come before the Board.  Collins' First Amendment retaliation claim fails as a matter of law and cannot be saved by amendment and accordingly, her claims should be dismissed without leave to amend.

Likewise, Plaintiff's two due process claims are fatally flawed and should be dismissed without leave to amend as she has neither a protected liberty interest nor property interest at play to support such claims.  *See Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 971 (9th Cir. 2010); *see also Westfall v. City of Crescent City*, 2011 WL 4024663, *6 (N.D. Cal. Sept. 9, 2011) (*Westfall II*).  Plaintiff's state law pendent claims are also legally

1   deficient and should be dismissed without leave to amend.  Plaintiff remains an active School
2   Boardmember and has no viable legal claim to support any of the claims in her Complaint.
3   **II.   ARGUMENT**
4        **A.   Eleventh Amendment Immunity Is A Bar To Plaintiff's Claims.**
5        All of Collins' federal and state law claims against the School District are barred as
6   a matter of law based on Eleventh Amendment immunity.  Plaintiff does not contest this
7   point.  *See* Plaintiff's Opposition to Motion to Dismiss, p. 4.  Rather, the law is clear—
8   pursuant to the Eleventh Amendment, the federal courts lack jurisdiction over claims
9   brought against state agencies, such as the School District here.  *See Cerrato v. San*
10  *Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994); *see also S. Pac. Transp. Co.*
11  *v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990); *Pennhurst*, 465 U.S. at 124-25;
12  *Doe v. Regents of the University of California*, 891 F.3d 1147, 1153 (9th Cir. 2018);
13  *Kirchmann v. Lake Elsinore Unified Sch. Dist.*, 83 Cal. App. 4th 1098 (2000); *Carmen v.*
14  *San Francisco Unified Sch. Dist.*, 982 F.Supp. 1396 (N.D. Cal. 1997) aff'd, 237 F.3d 1026
15  (9th Cir. 2001).  For this reason alone, the School District must be dismissed as a party from
16  this case.
17       The state law claims against the Boardmember Defendants are also barred by
18  Eleventh Amendment immunity and must be dismissed as a matter of law.  *See Pennhurst*,
19  465 U.S. at 102-03, 106; *see also Carmen*, 982 F. Supp. at 1406 [dismissing all state law
20  claims against state officials based on Eleventh Amendment immunity].  As for the federal
21  claims against the Boardmember Defendants, while the Eleventh Amendment does not
22  prohibit a claim for injunctive relief for a violation of federal law against officials sued in
23  their official capacities (the only claim for relief not barred by the Eleventh Amendment)[1],
24  any claim for damages is barred.  Plaintiff argues her claim for damages is not barred under
25  the Eleventh Amendment because she is suing the Boardmember Defendants in their
26
27  ─────────────────────
    [1] This claim for injunctive relief for alleged violations of federal law, however, is barred
28  for failure to state a claim as discussed in detail in Section II.C below.

1   individual capacities.  But Plaintiff's Complaint is framed as an official capacity lawsuit

2   based on official action.  *See* Comp. ¶¶ 55-61 [e.g. "Defendants organized a plan to insert

3   an emergency resolution into Thursday's 'special meeting'"; "Defendants posted a 24-hour

4   advance notice"; Defendant Boardmembers voted "yes" on the resolution].  And it is

5   undisputed that the Eleventh Amendment is a bar to a claim for damages for officials sued

6   in their official capacities such as the Boardmember Defendants in this case.  *See Pennhurst*,

7   465 U.S. at 102-03, 106; *see also Edelman v. Jordan*, 415 U.S. 651, 666-67 (1974).

8   Furthermore, even if Collins is attempting to allege claims against her fellow Boardmembers

9   in their personal capacities, any damages claim is barred by the doctrine of qualified

10  immunity.  *See Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir. 2010);

11  *see Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) and discussion in Section II.B

12  below.

13        **B.        Qualified Immunity Also Bars Plaintiff's Claims.**

14        Qualified immunity bars Plaintiff's claim for damages as against the individual

15  Boardmembers in this case as Plaintiff cannot allege facts to show that the Boardmember's

16  conduct violated a "clearly established" constitutional right.  *See Cmty. House, Inc.*, 623

17  F.3d at 967; *see also Hunter*, 502 U.S. at 227.  Rather, Collins' own arguments illustrate that

18  the alleged constitutional right at issue in this case—namely the alleged right to hold internal

19  Board leadership positions regardless of a Boardmember's expressed views on certain

20  issues—is *not* clearly established.  Specifically, Plaintiff argues that the Ninth Circuit erred

21  in *Blair v. Bethel School District*, 608 F.3d 540 (9th Cir. 2010) when it held that an elected

22  official's removal from an internal leadership position for his expressed views on certain

23  issues did not suffice to state a viable claim.  *See* Plaintiff's Opposition to Motion to Dismiss,

24  pp. 8-9.  Plaintiff's very position in arguing against Ninth Circuit precedent underscores the

25  fact that Plainitff is trying to reverse the established case law that currently precludes Collins

26  from establishing a claim for First Amendment retaliation. Plaintiff also claims that the

27  Ninth Circuit's *Blair* decision misapplied the Supreme Court's decision in *Bond v. Floyd*,

28  385 U.S. 116 (1966).  But this once again makes the point that the alleged constitutional

right at issue is not "clearly established" but instead (at most) is open to different interpretations by different courts.

Indeed, the Third Circuit analyzed a similar situation and found that the plaintiff town supervisor's First Amendment retaliation claim against his colleague supervisors was barred by qualified immunity at the motion to dismiss stage. *See Werkheiser v. Pocono*, 780 F.3d 172, 183 (3rd Cir. 2015). The Third Circuit explained that while the plaintiff's fellow supervisors denied him reappointment to the non-elected position of roadmaster because of plaintiff's critical comments, the law was not clearly established that this kind of retaliation violated the plaintiff's First Amendment rights *Id.* at 175, 181. The Third Circuit noted that under the Ninth Circuit's precedent in *Blair*, retaliation against an elected official is largely not actionable when it is at the hands of his or her peers in the political arena. *Id.* at 182. In short, Collins has no "clearly established" right to remain in internal leadership positions on the Board and her claim for damages against the Boardmember Defendants for voting to remove her from those internal leadership positions is barred by qualified immunity.

### C. Plaintiff Fails To State Any Viable Federal Cause Of Action.

#### 1. First Amendment Retaliation Claim (First Cause Of Action).

Boardmember Collins' First Amendment retaliation claim based on the loss of internal Board leadership positions fails to state a claim as a matter of law. *See Blair*, 608 F.3d at 544; *see also Zilich v. Longo*, 34 F.3d 359, 361 (6th Cir. 1994); *Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Trs.*, 235 F.3d 1243, 1245-46 (10th Cir. 2000); *Hensley v. City of Port Hueneme*, 2019 WL 3035057 at *4 (C.D. Cal. 2019). This is because the Board's actions in removing an elected official colleague from her position as vice president and from committee assignments is the ordinary functioning of the democratic process and does not constitute a constitutional violation as a matter of law. *See Blair*, 608 F.3d at 544. Plaintiff retains all the authority of her elected office and can vote on, and participate in, public debate on any and all items that come before the Board. *See id.* Moreover, all the Boardmembers, not just Collins, have a First Amendment right to speak out and vote their

conscience on issues they confront, including the matter of who among them is best suited to fill internal leadership positions. *See id.* at 546.

Plaintiff attempts to evade the Ninth Circuit's controlling precedent in the *Blair* case by relying on truisms about general First Amendment jurisprudence. This, however, cannot save her legally deficient claim. First, Plaintiff's discussion of forum analysis has no relevance here. *See* Plaintiff's Opposition to Motion to Dismiss, pp. 5-6. Rather, forum analysis is triggered when determining what level of scrutiny to apply to the government's restriction on speech activities. But the government Defendants in this case are not attempting to restrict Collins' speech on social media or in any other forum, nor are they attempting to regulate what she can and cannot say. Instead, Defendants simply responded to Collins' speech with their own speech and removed her from internal Board leadership positions as is part of the ordinary political process in a democracy. Regardless of whether or not Collins' tweets were issued in a public forum or were afforded the highest protection under the First Amendment, there is no violation of her free speech rights as the action of removing a politically elected official from her internal leadership positions does not trigger First Amendment concerns. *See Blair*, 608 F.3d at 544; *see also Zilich*, 34 F.3d at 361; *Phelan*, 235 F.3d at 1245-46; *Hensley*, 2019 WL 3035057 at *4.

Next, Plaintiff attempts to use the Supreme Court's decision in *Bond* to support her decision, but this argument is also unsound and must be rejected. Specifically, as Plaintiff herself acknowledges, *Bond* is directed at a situation where a public official is barred from actually holding the office to which he or she was elected. *See Bond*, 385 U.S. at 135-37. By contrast, here, it is undisputed that Plaintiff Collins still holds the office to which she was elected by her constituents. Defendants have not attempted to block her from her publicly elected position and her removal from internal leadership positions on the Board does not implicate concerns of nullifying the popular vote such as were at issue in *Bond*. Rather, it is common for political bodies to have voting for internal leadership positions be openly partisan. *Blair*, 608 F.3d at 544-45. And just as politically elected officials' constituents can vote them out of office based on their views and speech, so too, their colleagues can vote

them out of internal leadership roles for these reasons as well without violating the First Amendment. *Id.* The non-binding decisions from the other Circuit Courts relied on by Collins also illustrate this point, with the Fifth Circuit explaining that an elected official does not have a fundamental right to an internal leadership position and the Second Circuit finding that an elected councilmember has no viable First Amendment claim against other elected officials that retaliate against him for his party affiliation or votes. *See Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 499 (5th Cir. 2020) [elected boardmember's ineligibility for board officer positions based on his complaints and criticisms of board policy did not violate his First Amendment rights]; *see also Camacho v. Brandon*, 317 F.3d 153, 161-62. (2nd Cir. 2003) [firing of legislative staff in retaliation for a fellow councilman's political affiliation and vote is not grounds for First Amendment retaliation claim].

The temporal aspect of Plaintiff's tweets about Asian Americans (which triggered the current political fallout) is also a distinction without merit. While Collins' tweets were originally posted back in 2016, before Collins was an elected School Boardmember, they were re-posted in 2021 while she was (and remains) an elected official. Moreover, Plaintiff's grievances, namely being stripped of her internal leadership positions on the Board, took place currently, in 2021, while she is an elected official and is aimed squarely at Plaintiff's role as a sitting Boardmember. In short, while Plaintiff may have issued her initial tweets in 2016 without thought of any political consequences, she is now an elected official, and as many a politician has found, the political fallout from former statements, postings, and/or stances made prior to being elected to office is all fair game within the political arena. Indeed, it appears that Plaintiff's focus on whether her tweets were as a private citizen or as a public official stems from a misplaced reliance on the employee speech doctrine articulated in *Garcetti v. Ceballos*, 547 U.S. 410 (2006) [holding that when a public employee makes a statement pursuant to their official duties, they are not speaking as citizens for First Amendment purposes]. But Boardmember Collins is not an employee, and Defendants have not relied on *Garcetti* or the employee speech doctrine as a basis for their motion to dismiss so the employee speech doctrine has no relevance here. Rather, it is the

doctrine articulated in *Blair* that applies—namely that alleged retaliation against an elected official is not actionable when it is at the hands of the elected official's peers in the political arena. *See Blair*, 608 F.3d at 544.

Finally, while Plaintiff correctly articulates the elements of a typical First Amendment retaliation claim—namely did the plaintiff engage in constitutionally protected speech, would the defendant's actions chill that speech, and was the plaintiff's speech a motivating factor for the defendant's actions—such inquiry is not applicable here. Rather, as explained by the Ninth Circuit, a complaint brought by elected officials "is not a typical First Amendment retaliation case" as the alleged "adverse action" a plaintiff challenges is taken by peers in the political arena and does not give rise to a viable claim. *See Blair*, 608 F.3d at 544. First, being stripped of titular internal leadership positions on a school board by the very people that elected the member to that position in the first place, does not affect the official's authority as a member of the board. *Id.* Rather, he or she retains the full range of rights and prerogatives that come with having been publicly elected. *Id.* Second, as stated by the Ninth Circuit "we *expect* political officials to cast votes in internal elections in a manner that is, technically speaking, retaliatory." *Id.* To lend perspective to this point, the Ninth Circuit has explained that the general public may vote an official out of office for his or her views (such as those expressed by Collins in her 2016 tweets) and colleague Boardmembers may do the same with internal leadership positions without offending the First Amendment. *See id.* at 545. Third, it is "significant" that it is not just a public official plaintiff that has First Amendment rights at issue but rather, the defendant colleague public officials also have a protected interest in speaking out and voting their conscience including as to who among them is best to fill certain titular, leadership positions. *See id.* Thus, the focus of the inquiry, in a case such as this, is whether the alleged retaliatory action interferes with the rights and prerogatives of the office to which Plaintiff was elected by her constituents. *See id.*; *see also Werkheiser*, 780 F.3d at 182-83. And the answer here, is no.

Specifically, it is undisputed that Boardmember Collins retains the position to which she was elected by the general public, namely School District Boardmember. She holds all

the rights and powers of her elected office including the right to advocate for or against and vote on all matters that come before the Board, to introduce items for consideration by the Board, and to receive her monthly compensation as a Boardmember, nor does Plaintiff claim otherwise.  Rather, Plaintiff complains that she is no longer in a preferred position to be elevated to the internal leadership position of Board president, that she can no longer attend joint meetings with the City and Board of Education as a School Board representative, that she no longer has the role of vice president to review agenda items, and that she no longer can chair committee meetings.  *See* Plaintiff's Opposition to Motion to Dismiss, pp. 13-14. But these are internal Board roles of political leadership and influence, not the rights and prerogatives of the office of School Boardmember itself.  Plaintiff improperly attempts to conflate the two—namely her rights and duties as an elected School Boardmember versus the responsibilities and influence that comes with internal leadership positions.  Plaintiff, like any other Boardmember, has no entitlement to internal leadership positions or the heightened political power that might come with those internal positions.

In sum, the political backlash that may stem from Plaintiff's speech, such as being removed from internal leadership positions by her Bordmember colleagues, is not within the gamut of a First Amendment retaliation claim.  *See Blair*, 608 F.3d at 544.  As such, Plaintiff's First Amendment retaliation claim must be dismissed for failure to state a claim. Leave to amend should not be granted as the legal deficiencies cannot be cured by amendment.

### 2.    Due Process Claims (Second and Third Causes Of Action).

Plaintiff's two due process claims based on an alleged liberty interest and an alleged property interest are also legally flawed and also cannot be cured by amendment.

First, contrary to Plaintiff's stance, she does not have any protected reputational liberty interest in connection with her employment because she is not a School District employee nor has she been terminated from her job.  *See* Cal. Gov't Code § 3540.1(j). Plaintiff's due process claim based on a purported liberty interest must be dismissed for this reason alone.  Nor can Plaintiff save her claim based on arguments about a stigma-plus claim

1    as she cannot meet the elements for such a claim as a matter of law.  Specifically, with a

2    stigma-plus claim there must be some "plus" other than reputational harm.  *See Paul v.*

3    *Davis*, 424 U.S. 693, 701 (1976); *see also Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir.

4    2003); *Westfall v. City of Crescent City*, 2011 WL 2110306, *7–8 (N.D. Cal. May 26, 2011)

5    *(Westfall I); See Krainski,* 616 F.3d at 971.  Plaintiff has not, and cannot meet this pleading

6    element.  Rather, the entire premise of her claim is that her reputation has been damaged by

7    Defendants' resolution removing her from internal Board leadership positions.  *See*

8    Plaintiff's Opposition to Motion to Dismiss, pp. 18-19.  Such allegations do not suffice as a

9    matter of law to state a stigma-plus claim.  *See Paul*, 424 U.S. at 701; *see also Gunderson*,

10   339 F.3d at 644.  Likewise, her claim that she was injured because other third parties will

11   now view her as "racist" reducing her "employment opportunities" is also legally deficient.

12   *See* Plaintiff's Opposition to Motion to Dismiss.  Rather, lost business opportunities or

13   emotional distress caused by the reaction of third parties to alleged reputational statements

14   do not support a stigma-plus due process claim as a matter of law.[2]  *See Westfall II*, 2011

15   WL 4024663, *6; *see also Krainski*, 616 F.3d at 971.

16        As for Plaintiff's purported due process property interest (Third Cause of Action in

17   the Complaint), Plaintiff's only argument in support of this claim is her specious argument

18   that she was entitled to a "name-clearing hearing."  *See* Plaintiff's Opposition to Motion to

19   Dismiss, pp. 19-20.  But a name-clearing hearing only applies in cases where an *employee*

20   is *terminated* as is made clear by the very authority cited to be Plaintiff.  *See Cox v.*

21   *Roskelley*, 359 F.3d 1105 (9th Cir. 2004).  Collins is neither a School District employee nor

22   was she terminated from her position as an elected School Boardmember and a name-

23   clearing hearing simply has no relevance.  Finally, while Collins asserts in passing that the

24   requisite procedural rules (which are governed by the Brown Act) were dispensed with, a

25   Brown Act violation does not support a federal cause of action nor could it survive Plaintiff's

26   _____

27   [2] Collins' argument that the Defendants' actions have prevented her from carrying out the
     duties of her elected office are also without merit (as discussed in detail in regards to her
28   spurious First Amendment retaliation claim) and cannot support a due process claim either.

1   failure to make a written demand to cure as is statutorily required.  *See* Gov't Code §

2   54960.1(b); *see also Westfall II*, 2011 WL 4024663 at * 5.  In sum, Plaintiff has not, and

3   cannot, allege any viable due process claim and her two due process causes of action should

4   be dismissed.

5       **D.    Plaintiff Fails To State A Cause Of Action Under State Law (Fourth,**

6           **Fifth, Sixth And Seventh Causes Of Action).**

7       Plaintiff all but concedes that she has no viable state law cause of action.  First, while

8   she makes a lackluster argument that she has sufficiently stated an intentional infliction of

9   emotional distress claim because the resolution removing her from internal leadership

10  positions was "outrageous," Defendants are absolutely immune from this state law claim

11  under Section 47 of the California Civil Code.  *See* Cal. Civ. Code § 47; *Westfall I*, 2011

12  WL 2110306, at *9 [intentional infliction of emotional distress claim barred where based on

13  city council's censure of plaintiff councilmember]; *Cayley v. Nunn*, 190 Cal. App. 3d 300,

14  303 (1987) [privilege attached to statements made in preparation for and at city council

15  meeting].  This state statutory privilege applies to the tort of intentional infliction of

16  emotional distress where, as in this case, the claim is based on Defendants' resolution and

17  vote removing Plaintiff from internal leadership positions.  *See Westfall I*, 2011 WL

18  2110306, at *9.  Plaintiff offers no authority to the contrary as there is none.

19      As for Plaintiff's remaining state law claims, her only argument is that she can

20  "reasonably be construed as an 'employee" and thus her claims are valid.  *See* Plaintiff's

21  Opposition to Motion to Dismiss, p. 21.  Plaintiff's argument lacks all merit as Section

22  3540.1(j) of the California Government Code is unambiguously clear that Boardmember

23  Collins is *not* an employee.  Rather, the statutory provision specifically states that "Public

24  school employee" or "employee" means a person employed by a public school employer

25  *except persons elected by popular vote*, persons appointed by the Governor of this state,

26  management employees and confidential employees."   Cal. Gov't Code § 3540.1(j)

27  (emphasis added).  That the California Labor Code includes elected officials in its definition

28  of "employee" for the limited purpose of worker's compensation does not expand or override

1  the exclusion of elected officials from the definition of "employee" for general employment
2  purposes (such as any Skelly rights).  *See* Cal. Labor Code § 3351.  As for the section of the
3  California Unemployment Insurance Code cited to by Plaintiff, it specifically provides that
4  "wages" do "not include any payments, regardless of their designation, made by a city of
5  this state to an elected official thereof as an incident to public office" and thus offers no
6  support for Plaintiff's baseless claim that she can reasonably be considered an employee.
7  *See* Cal. Unemp. Ins. § 1279.

8  **E.    Plaintiff's Punitive Damages Claim Must Also Be Dismissed.**

9  As discussed in detail in Defendants' moving papers on its motion to dismiss,
10 Plaintiff's claim for punitive damages in the amount of $15 million ($3 million per
11 Boardmember Defendant) is subject to dismissal as a matter of law as there are no factual
12 allegations showing that the alleged actions of the individual Boardmembers were so
13 outrageous or shocking to the conscience as to justify punitive damages.  *See Exxon Shipping*
14 *Co. v. Baker*, 554 U.S. 471, 492–93 (2008).  Plaintiff offers no argument to the contrary and
15 her claim for punitive damages should be dismissed as a matter of law.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1

## III.    CONCLUSION

2

   For all the foregoing reasons, the School District Defendant and Boardmember

3

Defendants respectfully request that this Court dismiss Plaintiff's Complaint in full without

4

leave to amend.

5

6

DATED:  July 23, 2021     MEYERS NAVE

7

8

9

       By:   /s/ Deborah J. Fox

DEBORAH J. FOX

10

Attorneys for Defendants

SAN FRANCISCO UNIFIED SCHOOL

11

DISTRICT; COMMISSIONER JENNY LAM;

COMMISSIONER FAAUUGA MOLIGA;

12

COMMISSIONER MATT ALEXANDER;

COMMISSIONER KEVINE BOGGESS; and

13

COMMISSIONER MARK SANCHEZ

14

3809689

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of July, 2021, I electronically filed the foregoing **Defendants' Reply In Support of Motion to Dismiss** with the Clerk of the Court using the CM/ECF system.

I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Gabrielle Duran
Gabrielle Duran