Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Camille Hamilton Pating (SBN: 122890)
cpating@meyersnave.com
Margaret W. Rosequist (SBN: 203790)
mrosequist@meyersnave.com
Yujin Chun (SBN: 306298)
ychun@meyersnave.com
MEYERS NAVE
1999 Harrison Street, 9th Floor
Oakland, California 94612
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
SAN FRANCISCO UNIFIED SCHOOL
DISTRICT; COMMISSIONER JENNY
LAM; COMMISSIONER FAAUUGA
MOLIGA; COMMISSIONER MATT
ALEXANDER; COMMISSIONER KEVINE
BOGGESS; and COMMISSIONER MARK
SANCHEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALISON COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, CITY AND COUNTY OF SAN FRANCISCO; SCHOOL BOARD COMMISSIONERS JENNY LAM, IN HER INDIVIDUAL CAPACITY; FAAUUGA MOLIGA IN HIS INDIVIDUAL CAPACITY; MATT ALEXANDER IN HIS INDIVIDUAL CAPACITY; KEVIN BOGGESS IN HIS INDIVIDUAL CAPACITY; AND MARK SANCHEZ IN HIS INDIVIDUAL CAPACITY AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. 4:21-cv-02272-HSG<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:      August 19, 2021<br>Time:     2:00 p.m.<br>Crtrm.:   2, 4th Floor<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed:   March 31, 2021<br>Trial Date:          None Set |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................... 1

II.  ARGUMENT ............................................................................................................. 1

    A.  Plaintiff's State Law Claims Arise From Defendants' Protected Activity. ................................................................................................... 2

    B.  Plaintiff Cannot Demonstrate A Probability Of Prevailing On Her State Law Claims. ........................................................................................ 4

    C.  Defendants Are Entitled To An Award Of Attorneys' Fees And Costs. ........ 5

III.  CONCLUSION .......................................................................................................... 6

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*,
5
    2012 WL 3877783 (N.D. Cal. 2012) ............................................................. 1, 4

6

*Agnir v. Gryphon Solutions, LLC*,
7
    2013 WL 4082974 (N.D. Cal. 2013) ................................................................. 4

8

*Anthony v. Buena Vista Home Ent. Inc.*,
9
    2016 WL 6836950 (C.D. Cal. 2016)............................................................. 1, 4

10

*Erie R.R. Co. v. Tompkins*,
    304 U.S. 64 (1938)............................................................................................ 4

11

*Nevada Com'n on Ethics v. Carrigan*,
12
    564 U.S. 117 (2011).......................................................................................... 3

13

*Westfall v. City of Crescent City (Westfall I)*,
14
    2011 WL 2110306 (N.D. Cal. 2011) ........................................................ 1, 2, 4

15

**State Cases**

16

*City of Montebello v. Vasquez*,
17
    1 Cal.5th 409 (2016) .............................................................................. 1, 2, 3, 4

18

*DuPont Merck Pharm. v. Super. Ct.*,
    78 Cal. App. 4th 562 (2000) ............................................................................ 4

19

*HMS Capital, Inc. v. Lawyers Title Co.*,
20
    118 Cal. App. 4th 204 (2004) .......................................................................... 4

21

*Vargas v. City of Salinas*,
22
    46 Cal. 4th 1 (2009) .................................................................................... 1, 2

23

**State Statutes**

24

Cal. Code Civ. Proc. § 425.16(b)(1) ........................................................... 1, 2, 3

25

Cal. Code Civ. Proc. § 425.16(c)(1) ............................................................. 1, 5

26

**Rules**

27

Rule 12(b)(6) ........................................................................................................ 4

28

## I.      INTRODUCTION

The clearly established two-prong test set forth by California's anti-SLAPP statute, mandates that Defendants' motion to strike Plaintiff's state law claims be granted and a companion fee and cost award granted.  First, the principle gravamen of Boardmember Collins' claims are her grievances over statements and discussions made by the Boardmember Defendants regarding Collins' prior 2016 tweets and the companion 2021 vote on the resolution to remove her from her internal Board leadership positions for her past tweets and current response to same.  *See* Compl. ¶¶ 11, 109, 112, 114, 119, 121.  These statements, actions and votes of the Defendant School Board and various individual Boardmembers are in furtherance of their free speech rights and thus squarely fall within the purview of California's anti-SLAPP statute.  *See City of Montebello v. Vasquez*, 1 Cal.5th 409 (2016); *see also Vargas v. City of Salinas*, 46 Cal. 4th 1, 19 (2009); *Westfall v. City of Crescent City (Westfall I)*, 2011 WL 2110306, *11 (N.D. Cal. 2011).  Second, Plaintiff has no likelihood of prevailing on the merits of her claims, nor does she offer any evidence to support her claims instead relying only on the allegations of her Complaint.  *See Anthony v. Buena Vista Home Ent. Inc.*, 2016 WL 6836950, at *9 (C.D. Cal. 2016); *see also Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783 at *16–18 (N.D. Cal. 2012).  Accordingly, Defendants' request to strike the state law claims should be granted and Defendants should also be awarded attorneys' fees and costs as provided by the anti-SLAPP statute.  Cal. Code Civ. Proc. § 425.16(c)(1).

## II.      ARGUMENT

Defendants have met all the elements required for a motion to strike under California's anti-SLAPP statute as Plaintiff's state law claims arise from Defendants' right of petition or free speech or acts in furtherance of those rights and there is no probability that Plaintiff will prevail on her claims.  *See* Cal. Code Civ. Proc. § 425.16(b)(1).

///

///

///

A.   **Plaintiff's State Law Claims Arise From Defendants' Protected Activity.**

It is undisputed that Plaintiff's claims arise from her grievances with the statements made by Defendants both at the public Board meeting and in the Board adopted resolution to remove her from internal Board leadership positions, as well as the public vote by the Defendants to pass the resolution to strip her of her internal Board leadership roles.  The law is clear that this is protected activity within the scope of California's anti-SLAPP statute. *See Montebello,* 1 Cal.5th at 423 [explaining that a councilmember's statement regarding a vote was protected activity and that the vote itself is also within the purview of the anti-SLAPP statute as an act "in furtherance of" protected activity]; *see also Vargas*, 46 Cal. 4th at 19 [statements made and actions taken in local legislative proceedings before city council were protected activity under anti-SLAPP statute]; *Westfall I*, 2011 WL 2110306 at *11 [finding councilmembers' censure and reports and statements by city manager to newspapers were protected activity under the anti-SLAPP statute].  Plaintiff calls out the Legislature's purported intention in enacting the anti-SLAPP statute and a United States Supreme Court case as grounds for avoiding the anti-SLAPP statute but neither of her arguments has any merit.

Specifically, while  Plaintiff argues that anti-SLAPP suits are meant to combat suits where plaintiffs are seeking an economic advantage over the defendant rather than a vindication of their legal rights, this inquiry is not an element of an anti-SLAPP claim.  Rather, as Plaintiff concedes, the relevant inquiry that is statutorily required asks whether the suit involves defined protected activity and whether the plaintiff's claims lack merit.  *See* Cal. Code Civ. Proc. § 425.16(b)(1).  The Complaint in this matter meets both of these prongs for an anti-SLAPP motion to strike.  And even if the legislative intent for the statute was a relevant inquiry here, this case is also the quintessential case that the statute was designed to combat as Plaintiff's Complaint and onerous preliminary injunction papers appear to be more of a public relations vehicle than a valid attempt to vindicate any legitimate legal claims.  Plaintiff is also attempting to use this lawsuit as a tactic for economic leverage over Defendants as she is seeking $3 million in punitive damages from

1   each individual Boardmember Defendant ($15 million for all Boardmembers) and $12

2   million in general damages as to each Defendant ($72 million for all Defendants) for a grand

3   total of $87 million in claimed damages.  *See* Comp. ¶ 131.  This shocking sum of money,

4   along with Plaintiff's decision to file burdensome preliminary injunction papers (exceeding

5   the page limit and including a 66 paragraph declaration), nearly two months after filing her

6   Complaint, illustrates that the whole purpose of this lawsuit is to intimidate the individual

7   Board member Defendants with the hopes of silencing them as opposed to vindicating any

8   valid legal claims.

9        Likewise, Plaintiff's reliance on the United States Supreme Court's decision in

10   *Nevada Com'n on Ethics v. Carrigan*, 564 U.S. 117 (2011) is equally misplaced.

11   Specifically, in *Carrigan*, the United States Supreme Court explained that a conflict of

12   interest restriction placed upon a legislator's ability to vote is not a violation of the First

13   Amendment as such a vote is an act of governance and not an exercise of free speech.  Here,

14   we are not dealing with a conflict of interest restriction or analogous public

15   integrity/government accountability issues.  Indeed, the California Supreme Court has

16   specifically explained that the *Carrigan* decision does not exempt elected officials'

17   discussions and public statements about a vote from the protection of the California anti-

18   SLAPP statute. *See Montebello*, 1 Cal.5th at 422, 423 [finding that the scope of the state's

19   anti-SLAPP statute includes acts "in furtherance of" those rights that extend beyond the

20   contours of the constitutional rights themselves]; *see also* Cal. Code Civ. Proc.

21   § 425.16(b)(1).  Thus, because a legislator's right of advocacy and communication with his

22   constituents on the subject of a vote is protected activity, the vote he casts is also within the

23   purview of the anti-SLAPP as being in furtherance of the protected activity.  *Montebello,* 1

24   Cal. 5th at 425-426.  Accordingly, in *Montebello*, the Court found that the councilmembers'

25   public statements and votes in connection with the award of a waste-hauling contract were

26   protected activity within the purview of the anti-SLAPP statute.  *Id.* at 421-423.  The same

27   result applies here on the Board's vote impacting Boardmember Collins internal leadership

28   assignments.

1   Plaintiff has cited no authority, federal or otherwise, contradicting or undermining

2   the California Supreme Court's decision in *Montebello*.  Indeed, under the *Erie* doctrine, the

3   federal courts apply state substantive law when addressing these pendant state law claims,

4   and thus the issue of determining what activity falls within the California anti-SLAPP statute

5   is governed by the directive from the California Supreme Court in its *Montebello* decision.

6   *See Montebello*, 1 Cal.5th at 421-23; *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

7   Accordingly, the activities Plaintiff complains of here—namely Defendants' statements and

8   deliberations expressing concerns over the prior Collins  tweets and her response to the

9   resurfacing of these tweets—are  protected activity under the anti-SLAPP statute.  Likewise,

10  as established by *Montebello*, the Defendants' votes passing the resolution removing Collins

11  from internal leadership positions were in furtherance of their protected speech activities

12  and thus are also within the purview of the statute.  In short, Defendants have unequivocally

13  met the first prong of the anti-SLAPP statute.

14   **B.      Plaintiff Cannot Demonstrate A Probability Of Prevailing On Her State**

15       **Law Claims.**

16   Having met the first prong of the anti-SLAPP statute, the burden shifts to Collins to

17  demonstrate a probability of prevailing on her state law claims.  This is a burden she abjectly

18  fails to meet.  *See Anthony*, 2016 WL 6836950 at *9; *see also Adobe Sys. Inc.*, 2012 WL

19  3877783 at * 16–18 [granting anti–SLAPP motion after dismissing claims pursuant to Rule

20  12(b)(6))]; *Westfall I*, 2011 WL 2110306 at *11 (same); *Agnir v. Gryphon Solutions, LLC*,

21  2013 WL 4082974, *16 (N.D. Cal. 2013) (same); *Anthony*, 2016 WL 6836950 at *9 (same).

22  Indeed, even assuming Plaintiff had stated a legally sufficient claim (which she has not), she

23  has failed to substantiate her claims with admissible evidence and she cannot overcome the

24  anti-SLAPP statute for this reason as well.  *See Anthony*, 2016 WL 6836950 at *9; *see also*

25  *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004); *see also DuPont*

26  *Merck Pharm. v. Super. Ct.*, 78 Cal. App. 4th 562, 568 (2000).

27   Here, for the same reasons articulated in the Defendants' concurrently filed motion

28  to dismiss, Collins lacks any probability of prevailing on the merits of her state law claims

thus, satisfying the second prong of the anti–SLAPP analysis.  Plaintiff adds nothing new in her opposition to Defendants' motion to strike but simply regurgitates the same unsound arguments she makes in her opposition to Defendants' motion to dismiss.  Moreover, she offers nothing more than the mere allegations of her Complaint to oppose the motion to strike and this is insufficient as a matter of law to carry her burden under the second prong of the anti-SLAPP statute.  *See id.* at 568.  Plaintiff has no probability of prevailing on the merits of her claim, and Defendants' motion to strike all of Plaintiff's state law claims should be granted in full.

**C.     Defendants Are Entitled To An Award Of Attorneys' Fees And Costs.**

As discussed in detail above, all of Collins' state law claims arise from acts of the Defendant Boardmembers' in furtherance of their right of free speech and petition and thus fall within the purview of the anti-SLAPP statute.  Collins' also has no probability of prevailing on her state law claims as noted above and as discussed in detail in Defendants' motion to dismiss papers.  As such, Defendants are entitled to attorneys' fees and costs for their work on the motion to strike and request that the Court set a schedule for a noticed motion on this issue so Defendants may recover these fees and costs to which they are entitled pursuant to statute.  *See* Cal. Code Civ. Proc. § 425.16(c)(1).

///
///
///
///
///
///
///
///
///
///
///

**III.     CONCLUSION**

        For all the foregoing reasons, Defendants respectfully request that this Court grant their motion to strike Plaintiff's state law claims and grant an award of attorneys' fees and costs pursuant to California's anti-SLAPP statute.

DATED:  July 23, 2021                    MEYERS NAVE


                                     By:        /s/ Deborah J. Fox
                                          DEBORAH J. FOX
                                          Attorneys for Defendants
                                          SAN FRANCISCO UNIFIED SCHOOL
                                          DISTRICT; COMMISSIONER JENNY LAM;
                                          COMMISSIONER FAAUUGA MOLIGA;
                                          COMMISSIONER MATT ALEXANDER;
                                          COMMISSIONER KEVINE BOGGESS; and
                                          COMMISSIONER MARK SANCHEZ

3809692

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 23rd day of July, 2021, I electronically filed the foregoing **Defendants' Reply In Support of Motion to Strike** with the Clerk of the Court using the CM/ECF system.

I also certify that all participants in the case are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

<u>/s/ Gabrielle Duran</u>
Gabrielle Duran