1 | Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
2 | Camille Hamilton Pating (SBN: 122890)
cpating@meyersnave.com
3 | Margaret W. Rosequist (SBN: 203790)
mrosequist@meyersnave.com
4 | Yujin Chun (SBN: 306298)
ychun@meyersnave.com
5 | MEYERS NAVE
1999 Harrison Street, 9th Floor
6 | Oakland, California 94612
Telephone: (510) 808-2000
7 | Facsimile: (510) 444-1108

8 | Attorneys for Defendants
SAN FRANCISCO UNIFIED SCHOOL
9 | DISTRICT; COMMISSIONER JENNY
LAM; COMMISSIONER FAAUUGA
10 | MOLIGA; COMMISSIONER MATT
ALEXANDER; COMMISSIONER KEVINE
11 | BOGGESS; and COMMISSIONER MARK
SANCHEZ

12

13 | **UNITED STATES DISTRICT COURT**

14 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

15

16 | ALISON COLLINS,

17 |         Plaintiff,

18 |         v.

19 | SAN FRANCISCO UNIFIED SCHOOL
DISTRICT, CITY AND COUNTY OF
20 | SAN FRANCISCO; SCHOOL BOARD
COMMISSIONERS JENNY LAM, IN
21 | HER INDIVIDUAL CAPACITY;
FAAUUGA MOLIGA IN HIS
22 | INDIVIDUAL CAPACITY; MATT
ALEXANDER IN HIS INDIVIDUAL
23 | CAPACITY; KEVIN BOGGESS IN HIS
INDIVIDUAL CAPACITY; AND MARK
24 | SANCHEZ IN HIS INDIVIDUAL
CAPACITY AND DOES 1-50,
25 | INCLUSIVE,

26 |         Defendants.

Case No. 4:21-cv-02272-HSG

**DECLARATION OF MARGARET W. ROSEQUIST RE TRANSMITTAL OF MOTION TO STRIKE TO JUDICIAL COUNCIL PER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16(j)(1)**

[Filed Concurrently with Reply In Support of Motion To Strike]

Date:     August 19, 2021
Time:     2:00 p.m.
Crtrm.:   2, 4th Floor

The Hon. Haywood S. Gilliam, Jr.

Complaint Filed:    March 31, 2021
Trial Date:       None Set

27

28

DECLARATION OF MARGARET W. ROSEQUIST RE TRANSMITTAL OF MOTION TO STRIKE TO
JUDICIAL COUNCIL PER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16(j)(1)

# DECLARATION OF MARGARET W. ROSEQUIST

I, Margaret W. Rosequist, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am Of Counsel with Meyers Nave, attorneys of record for Defendants SAN FRANCISCO UNIFIED SCHOOL DISTRICT; COMMISSIONER JENNY LAM; COMMISSIONER FAAUUGA MOLIGA; COMMISSIONER MATT ALEXANDER; COMMISSIONER KEVINE BOGGESS; and COMMISSIONER MARK SANCHEZ.  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.      On May 17, 2021 Meyers Nave filed a motion to dismiss and a motion to strike in regards to the Complaint in this matter.  The motion to strike is brought pursuant to California's anti-SLAPP statute codified at California Code of Civil Procedure Section 425.16.  In conformance with Section 425.16(j)(1) of the statute, On May 17, 2021 Meyers Nave also transmitted a copy of the file endorsed motion to strike to the Judicial Council by fax.  A true and correct copy of the May 17, 2021 fax transmittal to the Judicial Council is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of July, 2021, at Los Angeles, California.


/s/ Margaret W. Rosequist
Margaret W. Rosequist

3838213

DECLARATION OF MARGARET W. ROSEQUIST RE  TRANSMITTAL OF MOTION TO STRIKE TO
JUDICIAL COUNCIL PER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16(j)(1)

# Exhibit A

707 Wilshire Blvd., 24th Floor     tel (213) 626-2906
Los Angeles, California 90017      fax (213) 626-0215
                                   www.meyersnave.com



FAX TRANSMITTAL

**Date:** May 17, 2021
**Client No:** 1077-106

**TO:**      Judicial Council
             fax (415) 865-4586

**FROM:**  Sarita Candy

**RE:**      **Alison Collins v. San Francisco Unified School District, et al.**

**NO. OF PAGES SENT (INCL. THIS SHEET):** 18

**HARD COPY TO FOLLOW?**              No

**ADDITIONAL COMMENTS:**

Attached here please find Defendants' Motion To Strike filed today in the above-referenced case. A hard-copy will not follow.

Should you have any questions, please do not hesitate to contact this office. Thank you.

Best regards,
Sarita Candy

_**CONFIDENTIALITY NOTICE**_: The documents accompanying this facsimile transmission may contain confidential information belonging to the sender which is work product or legally privileged. The information is intended only for the use of the addressee named above. Moreover, if you are not the intended recipient, you are hereby notified that any use, disclosure, copying or distribution of this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by telephone to arrange for its immediate destruction or return. If you have not received all of the pages please call the phone number above as soon as possible.

Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
Camille Hamilton Pating (SBN: 122890)
cpating@meyersnave.com
Margaret W. Rosequist (SBN: 203790)
mrosequist@meyersnave.com
Yujin Chun (SBN: 306298)
ychun@meyersnave.com
MEYERS NAVE
1999 Harrison Street, 9th Floor
Oakland, California 94612
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
SAN FRANCISCO UNIFIED SCHOOL
DISTRICT; COMMISSIONER JENNY
LAM; COMMISSIONER FAAUUGA
MOLIGA; COMMISSIONER MATT
ALEXANDER; COMMISSIONER KEVINE
BOGGESS; and COMMISSIONER MARK
SANCHEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALISON COLLINS, | Case No. 3:21-cv-02272-CRB |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE  STATE LAW CLAIMS AND REQUEST FOR ATTORNEYS' FEES PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE** |
| v. | |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, CITY AND COUNTY OF SAN FRANCISCO; SCHOOL BOARD COMMISSIONERS JENNY LAM, IN HER INDIVIDUAL CAPACITY; FAAUUGA MOLIGA IN HIS INDIVIDUAL CAPACITY; MATT ALEXANDER IN HIS INDIVIDUAL CAPACITY; KEVIN BOGGESS IN HIS INDIVIDUAL CAPACITY; AND MARK SANCHEZ IN HIS INDIVIDUAL CAPACITY AND DOES 1-50, INCLUSIVE, | Date:      July 9, 2021<br>Time:      10:00 a.m.<br>Dept.:     6<br><br>The Hon. Charles R. Breyer<br><br>Complaint Filed:   March 31, 2021<br>Trial Date:          None Set |
| Defendants. | |

# NOTICE OF MOTION

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 9, 2021, at 10:00 a.m., in Courtroom 6 at 450 North Golden Gate Avenue, San Francisco, California, Defendants San Francisco Unified School District; Commissioner Jenny Lam; Commissioner Faauuga Moliga; Commissioner Matt Alexander; Commissioner Kevine Boggess; and Commissioner Mark Sanchez ("Defendants") will move to strike the state law claims (cause of actions four through seven) of the Complaint of Plaintiff Alison Collins ("Collins" or "Plaintiff") under Rule 12(f) of the Federal Rules of Civil Procedure and California Code of Civil Procedure Section 425.16 (anti-SLAPP statute).

This Motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, the concurrently filed motion to dismiss, all pleadings in this action, any request for judicial notice, and any other documents that are now on file or that may be on file in this action at the time of the hearing; and such further oral or written argument as may be presented at the time of the hearing or otherwise considered by the Court.

DATED: May 17, 2021          MEYERS NAVE

By:      /s/ Deborah J. Fox
         DEBORAH J. FOX
         Attorneys for Defendants
         SAN FRANCISCO UNIFIED SCHOOL
         DISTRICT; COMMISSIONER JENNY LAM;
         COMMISSIONER FAAUUGA MOLIGA;
         COMMISSIONER MATT ALEXANDER;
         COMMISSIONER KEVINE BOGGESS; and
         COMMISSIONER MARK SANCHEZ

Case No. 3:21-cv-02272-CRB
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE

# **TABLE OF CONTENTS**

Page

I.      SUMMARY OF ARGUMENT ..................................................................... 1

II.     STATEMENT OF FACTS ........................................................................... 2

III.    LEGAL STANDARD ................................................................................. 2

IV.     PLAINTIFF'S STATE LAW CLAIMS ARISE FROM DEFENDANTS'
        PROTECTED ACTIVITY ........................................................................... 3

V.      PLAINTIFF CANNOT DEMONSTRATE A PROBABILITY OF
        PREVAILING ON HER STATE LAW CLAIMS...................................... 6

VI.     DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEYS'
        FEES AND COSTS RELATED TO THE STATE LAW CLAIMS......................... 7

VII.    CONCLUSION ............................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adobe Sys. v. Coffee Cup Partners*,
  2012 WL 3877783 (N.D. Cal. 2012) ........................................................... 1, 6

*Agnir v. Gryphon Solutions, LLC*,
  2013 WL 4082974 (N.D. Cal. 2013) ................................................................. 6

*Anthony v. Buena Vista Home Entertainment, Inc.*,
  2016 WL 6836950 (C.D. Cal. 2016) ....................................................... 3, 6, 7

*Chinn v. City of Spokane*,
  429 Fed.Appx. 673 (9th Cir. 2011) ......................................................... 1, 4, 5

*Stella v. Kelley*,
  63 F.3d 71 (1st Cir. 1995) ............................................................................... 4

*Westfall v. City of Crescent City (Westfall I)*,
  2011 WL 2110306 (N.D. Cal. 2011) ....................................................... passim

**State Cases**

*A.F. Brown Elec. Contractor, Inc. v. Rhino Elec. Supply, Inc.*,
  137 Cal. App. 4th 1118 (2006) ...................................................................... 3

*Briggs v. Eden Council for Hope & Opportunity*,
  19 Cal. 4th 1106 (1999) ................................................................................. 6

*DuPont Merck Pharm. v. Super. Ct.*,
  78 Cal. App. 4th 562 (2000) .......................................................................... 7

*Equilon Enters, v. Consumer Cause, Inc.*,
  29 Cal. 4th 53 (2002) ..................................................................................... 6

*People ex rel. Fire Ins. Exch. v. Anapol*,
  211 Cal. App. 4th 809 (2012) ........................................................................ 4

*HMS Capital, Inc. v. Lawyers Title Co.*,
  118 Cal. App. 4th 204 (2004) ........................................................................ 7

*Hughes v. Pair*,
  46 Cal. 4th 1035 (2009) ................................................................................. 7

*Vargas v. City of Salinas*,
   46 Cal. 4th 1 (2009) .............................................................................*passim*

*White v. Lieberman*,
   103 Cal. App. 4th 210 (2002) ....................................................................... 3

**State Statutes**

Civil Code § 47 ................................................................................................ 7

Code Civ. Proc. § 425.16 ......................................................................... 1, 2, 3

Code Civ. Proc. § 425.16(b)(1) ............................................................ 1, 2, 6, 8

Code Civ. Proc. § 425.16(c)(1) ............................................................. 1, 3, 7, 8

Gov't Code § 3540.1(j) .................................................................................... 7

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ...................................................... 6

## I.    SUMMARY OF ARGUMENT

California's anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) statute codified at California Code of Civil Procedure § 425.16 bars all of School Boardmember Collins' state law claims against each of the School Board Defendants.  This is because her claims arise from acts of the sitting Boardmembers that are in furtherance of their free speech rights and Board member Collins has no probability of prevailing on her state law claims.  *See* Cal. Code Civ. Proc. § 425.16(b)(1); *Vargas v. City of Salinas*, 46 Cal. 4th 1, 14 (2009); and *Westfall v. City of Crescent City (Westfall I)*, 2011 WL 2110306, *10 (N.D. Cal. 2011).  Accordingly, Defendants' motion to strike should be granted and Defendants should be awarded their attorneys' fees and costs related to these state law claims.  *See* Cal. Code Civ. Proc. § 425.16(c)(1).

First, the principal thrust and gravamen of all of Boardmember Collins' claims are her grievances about statements made about her in an adopted Board resolution and the companion vote on the Board resolution that removed her from her internal leadership positions on the School Board.  *See* Compl. ¶¶ 11, 109, 112, 114, 119, 121.  The statements, actions, and votes of the Defendant Boardmembers relating to the adoption of the School Board resolution is within the heartland of First Amendment doctrine, and the statements and votes of these public officials as constitutionally protected speech is established beyond peradventure of doubt.  *See Chinn v. City of Spokane*, 429 Fed.Appx. 673, 675 (9th Cir. 2011); *see also Vargas*, 46 Cal. 4th at 19; and *Westfall I*, 2011 WL 2110306, *11.  Second, Collins has no probability of prevailing on her claims for the same legal basis offered in support of Defendants' motion to dismiss filed concurrently herewith.  *See Adobe Sys. v. Coffee Cup Partners*, 2012 WL 3877783, * 16–18 (N.D. Cal. 2012).  Accordingly, Defendants' special motion to strike based on the California anti-SLAPP statute should be granted in full.

/ / /

/ / /

/ / /

## II.    STATEMENT OF FACTS

In 2016, prior to winning elected office as a School Boardmember, Collins posted tweets that in her words reflect her efforts "to combat anti-black racism in the Asian community."    Compl. ¶ 2.    After being elected to her current position as School Boardmember, Collins' prior tweets were brought to light by third parties not part of this litigation. *See* Compl. ¶¶ 48-49.  This resulted in five out of six of Collins' Board colleagues voting to adopt Resolution No. 213-25A1 which noted their disagreement with, and concern about, Collins' prior tweets and removed Collins from her internal School Board leadership roles on committees and as vice president.  Compl. ¶ 11.

Boardmember Collins has now filed suit against the District as well as against her five colleague School Boardmembers who voted to adopt Resolution No. 213-25A1.  Her Complaint includes four state law claims for intentional infliction of emotion distress, negligence, "Skelly" rights, and retaliation.  Collins' claims all arise from Defendants' activity which is protected under California's anti-SLAPP statute. *See* Compl. ¶¶ 11, 109, 112, 114, 119, 121.  Moreover, Collins also lacks any probability of prevailing on the merits of these state law claims and accordingly the Court should grant this special motion to strike in full.

## III.    LEGAL STANDARD

A defendant may move to strike state law claims in federal or state court litigation pursuant to California Code of Civil Procedure Section 425.16, known as California's anti-SLAPP statute.  Cal. Code Civ. Proc. § 425.16; *Westfall I*, 2011 WL 2110306 at *10. Specifically, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  Cal. Code Civ. Proc. § 425.16(b)(1).  Section 425.16 encompasses government entities and public officials within its potential protection. *Vargas*, 46 Cal. 4th at 19.

A defendant may use the anti-SLAPP statute to challenge an entire complaint or particular causes of action. *Westfall I*, 2011 WL 2110306, *10; *A.F. Brown Elec. Contractor, Inc. v. Rhino Elec. Supply, Inc.*, 137 Cal. App. 4th 1118, 1124–25 (2006). In addition, dismissal of claims on demurrer or a motion to dismiss do not moot an anti-SLAPP motion. *Westfall I*, 2011 WL 2110306, *10; *White v. Lieberman*, 103 Cal. App. 4th 210, 220 (2002). This is because, amongst other things, success on an anti-SLAPP motion entitles a prevailing defendant to an award of attorneys' fees and costs. Cal. Code Civ. Proc. § 425.16(c)(1); *White*, 103 Cal. App. 4th at 220 (finding that trial court erred in finding motion to strike moot where demurrer granted as a defendant who prevails on anti-SLAPP motion is entitled to attorneys' fees).

In ruling on a motion to strike under California's anti-SLAPP statute the courts engage in a two-step process as follows: (1) the court decides whether the defendant has made a threshold showing that the challenged causes of actions arise from protected activity and if the defendant has made this threshold showing; then (2) the court determines whether the plaintiff has demonstrated a probability of prevailing on the claims and if not the claims are then barred under the statute. *Westfall I*, 2011 WL 2110306, *10 citing *Vargas*, 46 Cal. 4th at 14. Here, the state law causes of actions arise from Defendants' protected activity and Plaintiff cannot demonstrate a probability of prevailing on her claims as her entire Complaint should be dismissed for failure to state a claim for all the reasons discussed in Defendants' concurrently filed motion to dismiss. Accordingly, Collins' state law claims are barred by California's anti-SLAPP statute.

## IV. PLAINTIFF'S STATE LAW CLAIMS ARISE FROM DEFENDANTS' PROTECTED ACTIVITY

All of Boardmember Collins' state law claims in this matter arise from the protected speech activity of Defendants under the first prong of California's anti-SLAPP statute. *See* Cal. Code Civ. Proc. § 425.16.

"Determining whether a cause of action arises from protected speech or petitioning activity requires a focus on the principal thrust or gravamen of the cause of action." *Anthony*

1    *v. Buena Vista Home Entertainment, Inc.*, 2016 WL 6836950, * 6 (C.D. Cal. 2016) quoting

2    *People ex rel. Fire Ins. Exch. v. Anapol*, 211 Cal. App. 4th 809, 823 (2012).    With official

3    action taken by elected officials, the Ninth Circuit has explained that voting by elected

4    officials "comes within the heartland of First Amendment doctrine, and the status of public

5    officials' votes as constitutionally protected speech [is] established beyond peradventure of

6    doubt." *Chinn v. City of Spokane*, 429 Fed.Appx. 673, 675 (9th Cir. 2011) quoting *Stella v.*

7    *Kelley*, 63 F.3d 71, 75 (1st Cir. 1995). Likewise, the California Supreme Court has explained

8    that "statements made and actions taken in local legislative proceedings before the city

9    council" constitute "protected activity" under the first step of the anti-SLAPP analysis.

10   *Vargas*, 46 Cal. 4th at 19. And the courts have explained that statements made by elected

11   or appointed officials to newspapers about an issue under consideration or review by an

12   elected board is protected activity. *Westfall I*, 2011 WL 2110306, *11.

13          In *Westfall I*, the district court found that the state law claim for intentional infliction

14   of emotional distress by a city councilmember, based on her colleague councilmembers'

15   censure and reports and statements by the city manager to local newspapers about these

16   actions were all protected activity under the first step of the anti-SLAPP statute. *Westfall I*,

17   2011 WL 2110306, *11. Specifically, the *Westfall* plaintiff councilmember claimed that her

18   colleague councilmembers had passed a resolution censuring her in retaliation for her

19   criticism of the city's handling of a wastewater treatment project. *Westfall I*, 2011 WL

20   2110306, *1. The resolution stated, among other things, that the plaintiff councilmember

21   had: breached the city's code of ethics by knowingly using false, inaccurate, and/or partial

22   information to support her views regarding the project; treated her fellow city officials and

23   staff with lack of patience, courtesy and/or civility when in disagreement; used her position

24   as a city representative to promote her personal quilt show; used her position as a city

25   representative to repeatedly slander, discredit and embarrass the city; and continually

26   demonstrated a lack of concern for the proper use of city assets in her continual misguided

27   accusations associated with various aspects of the wastewater treatment project. *Id.* In

28   addition to censuring the councilmember plaintiff, the resolution also prevented her from

placing items on the agenda regarding the wastewater treatment project without the specific advance authorization of the full city council; directed independent contractors for the city not to expend billable time responding to her inquiries or data requests; and removed her as a representative or alternate on eight different committees. *Id.* The district court found that the resolution censuring the councilmember plaintiff, as well as the city manager's statements to a local newspaper regarding the city's estimate of the costs to taxpayers incurred by responding to the plaintiff councilmembers' requests and actions on the wastewater treatment project, all constituted "protected activity" under the anti-SLAPP statute. *Id.* at *11.

As in *Westfall*, the state law claims in this case arise from Defendants' protected activity. Specifically, the crux of all of Collins' claims are her grievances about statements made about her in Resolution No. 213-25A1 and the vote on Resolution No. 213-25A1 to remove her from her internal leadership positions on the School Board. *See* Compl. ¶¶ 11, 109, 112, 114, 119, 121. Specifically, Collins' fourth cause of action for intentional infliction of emotion distress is based on Collins' alleged harm suffered as a result of statements made about her and her initial 2016 tweets, the District and Boardmembers' response to same culminating in Resolution No. 213-25A1. Likewise, Collins fifth, sixth and seventh causes of action for alleged negligence, violation of "Skelly" rights, and retaliation all stem from the Defendant Boardmembers' votes on Resolution No. 213-25A1 to remove her from internal leadership positions on the School Board.

There is no question that all these state law claims arise from the Defendants' protected activity. Specifically, the statements, actions, and votes of the Defendant Boardmembers relating to Resolution No. 213-25A1 come within the heartland of First Amendment doctrine, and the statements and votes of these public officials as constitutionally protected speech is established beyond peradventure of doubt. *See Chinn*, 429 Fed.Appx. at 675. Moreover, to the extent Collins complains of statements made by the Defendant Boardmembers or third parties during consideration of Resolution No. 213-25A1 these statements made and actions taken in the legislative proceedings before the School

1 Board constitute protected activity under the anti-SLAPP analysis. *See Vargas*, 46 Cal. 4th

2 at 19. And to the extent Collins complains of any of the Defendant Boardmembers' public

3 comments about her tweets or the School Board's actions in response to those tweets this

4 too is protected activity as the courts have made clear that statements made by elected

5 officials to newspapers or the public in general about an issue under consideration or review

6 by the elected board are protected activity. *See Westfall I*, 2011 WL 2110306, *11.

7 In short, all of Collins' state law claim arise from acts of the Defendant

8 Boardmembers that are in furtherance of the Defendants' right of free speech and are in

9 connection with a public issue, and therefore fall under the coverage of the anti–SLAPP

10 statute. *See* Cal. Code Civ. Proc. § 425.16(b)(1).

11 **V.    PLAINTIFF CANNOT DEMONSTRATE A PROBABILITY OF**

12 **PREVAILING ON HER STATE LAW CLAIMS**

13 As discussed above, the state law claims in this matter all arise from Defendants'

14 protected activity which means that in order to avoid the dictates of the anti-SLAPP statute

15 Collins must show she has a probability of prevailing on her state law claims, a burden she

16 cannot meet here.

17 Once a court finds that an anti–SLAPP movant has established covered conduct, the

18 burden shifts to the plaintiff to demonstrate "a probability of prevailing on the claim."

19 *Anthony v. Buena Vista Home Ent. Inc.*, 2016 WL 6836950, at *9 (C.D. Cal. Sept. 28, 2016)

20 citing E*quilon Enters, v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002); *Briggs v. Eden*

21 *Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1123 (1999) [a plaintiff must have

22 "stated and substantiated a legally sufficient claim" to avoid the consequence of the anti-

23 SLAPP statute]. Courts routinely find that under the second prong of the anti-SLAPP

24 statute, a plaintiff fails to show a probability of prevailing on the merits for the same reasons

25 that support a defendant's motion to dismiss. *See Adobe Sys.*, 2012 WL 3877783 at * 16–

26 18 [granting anti–SLAPP motion after dismissing claims pursuant to Rule 12(b)(6))]; *see*

27 *also Westfall I*, 2011 WL 2110306 at *11 (same); *Agnir v. Gryphon Solutions, LLC*, 2013

28 WL 4082974, *16 (N.D. Cal. 2013) (same); *Anthony*, 2016 WL 6836950 at *9 (same). In

1 addition, even assuming a plaintiff has stated a legally sufficient claim, if it fails to
2 substantiate the claim with admissible evidence the plaintiff cannot overcome the anti–
3 SLAPP statute.  *See Anthony*, 2016 WL 6836950 at *9; *see also HMS Capital, Inc. v.*
4 *Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004); *see also DuPont Merck Pharm. v.*
5 *Super. Ct.,* 78 Cal. App. 4th 562, 568 (2000) ["It would defeat the obvious purposes of the
6 anti–SLAPP statute if mere allegations in an unverified complaint would be sufficient to
7 avoid an order to strike the complaint"].

8      Here, for the same reasons articulated in the Defendants' concurrently filed motion
9 to dismiss, Collins lacks any probability of prevailing on the merits of her state law claims
10 and the second prong of the anti–SLAPP analysis has been met.  In particular, Collins' fourth
11 cause of action for intentional infliction of emotional distress fails as a matter of law as a
12 resolution removing Collins from internal leadership positions on the Board is not extreme
13 or outrageous conduct and is also privileged conduct that cannot form the basis for any
14 actionable claim.  *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009); *see also Westfall*
15 *I*, 2011 WL 2110306 at *9; Cal. Civil Code § 47.  Likewise, the fifth, sixth and seventh state
16 law causes of actions for negligence, "Skelly" rights, and retaliation are all based on the
17 faulty premise that Board member Collins is an employee and that the resolution removing
18 her from internal School Board leadership positions impacted her employment.  Not so.
19 Rather, under the Government Code, school district elected officials are specifically
20 excluded from the definition of "employee" and all three of these claims fail as a matter of
21 law.  *See* Cal. Gov't Code §3540.1(j).  For all these reasons, under the second prong of the
22 anti-SLAPP statute Collins has no probability of prevailing on the merits of her state law
23 claims and the Court should grant Defendants' special motion to strike in full.

24 **VI.   DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEYS'**
25 **FEES AND COSTS RELATED TO THE STATE LAW CLAIMS.**

26      A "prevailing defendant on a special motion to strike shall be entitled to recover his
27 or her attorney's fees and costs."  Cal. Code Civ. Proc. § 425.16(c)(1).  Here, as discussed
28 in detail above, all of Collins' state law claim arise from acts of the Defendant

Boardmembers that are in furtherance of the Defendants' right of free speech and are in connection with a public issue, and therefore fall under the coverage of the anti–SLAPP statute. *See* Cal. Code Civ. Proc. § 425.16(b)(1). Moreover, Collins has no probability of prevailing on her state law claims and accordingly Defendants are entitled to recover their attorneys' fees and costs. Cal. Code Civ. Proc. § 425.16(c)(1). If this Court grants this special motion to strike, as Defendants believe is warranted, Defendants will submit the amount and support for its attorneys' fees claim via separate noticed motion for review by the Court.

## VII. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion to strike Plaintiff's state law claims pursuant to California's anti-SLAPP statute and request that the Court grant Defendants their attorneys' fees and costs for work related to the state law claims.

DATED: May 17, 2021          MEYERS NAVE

By:        /s/ Deborah J. Fox
         DEBORAH J. FOX
         Attorneys for Defendants
         SAN FRANCISCO UNIFIED SCHOOL
         DISTRICT; COMMISSIONER JENNY LAM;
         COMMISSIONER FAAUUGA MOLIGA;
         COMMISSIONER MATT ALEXANDER;
         COMMISSIONER KEVINE BOGGESS; and
         COMMISSIONER MARK SANCHEZ

3742794.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE



| Subject | Sent | Recipient | Status |
|---|---|---|---|
| Alison Collins v. San Francisco Unified School District | 5/17/2021 4:38 PM | 14158654586 | Completed |
| Mr. Wyels and Ms. Crowl | 4/16/2021 1:43 PM | 19163415199 | Completed |
| Richard Macias | 2/10/2021 3:02 PM | 13237213749 | Completed |
| UNKNOWN | 12/10/2020 12:48 PM | 18885057446 | Completed |
| UNKNOWN | 12/7/2020 9:45 AM | 18884354217 | Completed |
| Attn: John Masinsin | 1/16/2020 12:19 PM | 18882100763 | Completed |
| EOI for Keno Jackson | 11/20/2019 10:29 AM | 18776056671 | Completed |
| SWRCB/OCC File A-2279 | 10/30/2019 3:44 PM | 19163415199 | Completed |
| Loan Discharge Application | 9/24/2019 2:42 PM | 18665459196 | Completed |
| UNKNOWN | 9/24/2019 1:21 PM | 8665459196 | Failed |
| Viviana Heger | 8/22/2019 2:31 PM | 17072572867 | Completed |
| Vidya Venugopal | 8/22/2019 1:41 PM | 17072572867 | Completed |
| Shaye Diveley | 8/22/2019 11:45 AM | 17072572867 | Completed |
| Shaye Diveley | 8/22/2019 11:39 AM | 17072572867 | Failed |
| UNKNOWN | 7/16/2019 4:09 PM | 19093506613 | Completed |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2021, I electronically filed the foregoing **Declaration of Margaret W. Rosequist Re  Transmittal of Motion To Strike To Judicial Council Per California Code Of Civil Procedure Section 425.16(j)(1)** with the Clerk of the Court using the CM/ECF system.

I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ Gabrielle Duran
Gabrielle Duran